Hedges v. Roach.

---

D. L. HEDGES, PLAINTIFF IN ERROR, v. EDWARD ROACH, DEFENDANT IN ERROR.

1. **Motion for Judgment Non obstante Answer, not Proper Practice.** The overruling by the district court of a motion by the plaintiff for judgment *non obstante*, the defendants answer; Sustained; such motion not being in accordance with code practice.

2. **Discretion of District Court.** The making up of the pleadings, the allowance of amendments thereof, and of withdrawing answers and substituting others in their places, in an action pending in the district court, are matters resting largely in the discretion of the court; a discretion with which this court will not interfere except in cases of abuse, and an abuse of which will not be presumed.

3. **Petition on Note Prima Facie Barred by Statute of Limitations.** Where the notes sued on were *prima facie* barred by the statute of limitations, *Held*, That a clause in the petition in the following words: "That since the cause of action accrued on said notes, said defendant has been absent at different times from the state of Nebraska amounting in all to the period of about two years," was insufficient to take the cause out of the operation of the statute of limitations, as against a general demurrer.

ERROR to the district court of Dixon county. Tried below before BARNES, J.

*Gantt & Norris,* for plaintiff in error.

*Barnes Brothers,* for defendant in error.

COBB, CH. J.

This action was originally commenced before a justice of the peace, on three promissory notes, bearing date June 13, 1876, and maturing respectively the 12th of September, October, and November, of the same year. There was a judgment for the defendant in the justice's court, and the cause taken to the district court by appeal. In the latter court, there was a judgment for the defendant on demurrer, and the plaintiff brings the cause to this court on error.

Three points are presented:

1. The court erred in overruling plaintiff's motion for a judgment on the pleadings.

2. The court erred in allowing defendant to withdraw his answer and file a demurrer to plaintiff's petition.

3. The court erred in sustaining defendant's general demurrer to plaintiff's petition.

It appears from plaintiff's brief, that the action was commenced in the justice's court on the 12th day of October, 1882, and the plaintiff for the purpose of bringing the case without the statute of limitations, put the following clause in his petition.

"*Fifth.* That since the cause of action accrued on said notes, said defendant has been absent at different times from the state of Nebraska, amounting in all to the period of about two years." The defendant answered, denying each and every allegation contained in said petition, except as in said answer thereafter specially admitted, which answer proceeded as follows: "1.  *  *  * Admits the execution of the notes sued on, but saith that the said notes were given by the defendant to the plaintiff and one C. E. Hedges, and that said notes were transferred to plaintiff; that said notes were in consideration of the sale and delivery of a horse by said plaintiff to the said defendant, and for no other consideration whatever, and the said defendant further avers that in consideration that the said defendant would purchase the said horse from him, the said plaintiff, for the sum of $120.00, sixty dollars of which to be paid in cash and give his notes for the balance payable as set forth in plaintiff's petition, he, the said plaintiff, did warrant the said horse to be a good serviceable work horse and well broken to work, and the said defendant thereupon purchased the said horse and caused to be paid said plaintiff sixty dollars in cash, and gave his three certain promissory notes each for the sum of twenty dollars as stated in the said petition, and the said defendant avers that said horse was not a good serviceable work horse nor well broken to work, but, on the contrary was almost entirely worthless and of little or no value as a work horse.

"2. And further answering, defendant says that subsequent to the purchase of said horse, and about ten days thereafter, he offered to return said horse to the plaintiff and rescind said trade, at Sioux City, Iowa, and that

thereupon said plaintiff agreed with this defendant that if he, the said defendant, would keep said horse, as said horse was of no use to the plaintiff, and allow the said plaintiff to retain the $60 in cash paid him by defendant, that he, the said plaintiff, would release him from all liability on said notes, all of which defendant is ready to make appear.

"3. Further answering, defendant avers that the cause of action stated in plaintiff's petition did not accrue to said plaintiff against this defendant within five years before the commencing of this action, and this he is ready to make appear," etc.

After this answer was filed the plaintiff moved for judgment *non obstante*, and the overruling of his motion he assigns as the first error. It was no doubt the law and the practice, under the old system in courts of equity, that at a certain stage of the case the plaintiff could have it set down for argument, on bill and answer, and when upon such argument it appeared to the court that the plaintiff's cause of action was undenied either at law or in fact, a decree would be rendered for the plaintiff. This practice has, I think, been superseded under the code by that of demurrer to the answer, motion for order requiring defendant to make his answer more definite and certain, and motions to strike the answer from the files as frivolous. Some one of these will, in each case, be found to furnish the appropriate remedy against a faulty answer. So that, in the absence of authorities, this point cannot be sustained.

The defendant then applied to the court for leave to withdraw his answer and file a general demurrer to the petition, which was granted, the granting of which constitutes the plaintiff's second point of error.

I have never heard it doubted that the matter of making up the pleadings of amendments, and of withdrawing pleas and answers and substituting others in their places, in an action pending in a court of general jurisdiction, was one of the discretion of the court for the expedition of

business and the furtherance of justice, and such I believe it to be the accepted law. In any case, where this discretion is abused to the oppression or prejudice of a party, this court will not hesitate to, correct such abuse. But such abuse must be shown, and will not be presumed. There is no showing, or even suggestion, of abuse of discretion in this case.

The last point is that the court erred in sustaining the demurrer of the defendant to the plaintiff's petition. *Prima facie* the statute of limitations had run on the notes sued on, for six years. To take the case out of the operation of the statute the following allegation is made in the petition:

"*Fifth.* That since the cause of action accrued on said notes said defendant has been absent at different times from the state of Nebraska, amounting in all to the period of about two years."

No authorities are cited to show that the allegation of the petition would be sufficient, even if the assertion were positive, that since the statute had commenced to run the defendant had been absent at different times from the state, amounting in all to a period of two years, and in the absence of authorities I should doubt it. An inspection of the notes or a copy of them shows that they were given at Sioux City, in the state of Iowa, and that at that time the defendant resided at New Castle, Dixon county, in this state. So that at the time of his giving the notes he was temporarily absent from the state of his domicile. I do not think that such temporary absences for the purpose of trade or pleasure can be aggregated together and made to prolong the statute. Certainly not when it is established or may be presumed that the defendant during all the time had a known and established residence in this state, where process could have been served on him.

But the weakest point in the plaintiff's petition, and the one no doubt against which the defendant's forces were

massed, is that where he qualifies the words "two years" by the word "about." Pleadings ought to consist of direct and positive assertion of matter of fact, and I cannot conceive it to be admissible in a good pleading that the assertion of a material fact may be qualified and emasculated by the word "about." The object of the plaintiff in his pleading was to assert that although on their face the notes appeared to be barred by the statute, yet that they were not, because by reason of the defendant's repeated absences from the state, a block of two years' time by operation of law must be taken from the time which the notes had run after maturity. Had he stated this in his petition in positive language, that pleading would doubtless have come up to the standard of pleading under our very liberal system. Nay, had he asserted in positive language that one year should be deducted for the said reason from the time which said notes had run, it would have been sufficient, but qualified by the word "about" the language used does not amount to that.

After a somewhat patient search I am unable to find a reported case wherein the word under consideration has been used in a pleading, or as qualifying a measure of time in any legal paper. The words "more or less," often used in deeds, are the nearest equivalent to the word "about" when used in the sense in which we are now considering it; but they are never used in pleadings, and when used in deeds only have the effect of depriving other words of that binding force which they would otherwise have.

I am therefore of the opinion that the clause of the petition now under consideration was ineffectual to take the notes out of the operation of the statute of limitations, and that the demurrer was properly sustained.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.