· JOHN SIMONS v. D. B. SOWARDS.

[FILED MAY 6, 1890.]

1. **Replevin:** JUDGMENT. A brought an action of replevin against B, a constable, and upon the execution and delivery of an undertaking for the redelivery of the goods if judgment should be rendered against him, the goods were delivered to him. Before the trial one C, who claimed to be the owner of the goods, at

his own request was joined as defendant, judgment was rendered against A, and the property not being returned, an execution was issued against him and returned unsatisfied. *Held*, No error.

2. **Justice of the Peace:** JUDGMENT ON PLEADINGS. While a demurrer to a pleading is unknown in actions before a justice of the peace, yet where the bill of particulars states a cause of action and an answer is filed thereto in writing, which purports to set up a complete defense to the action, and is insufficient, the case in effect being submitted on the pleadings, the justice may render judgment thereon unless the defendant desires to amend his answer and set up additional matters.

ERROR to the district court for Boone county. Tried below before TIFFANY, J.

*I. L. Albert,* for plaintiff in error, cited: *Hedges v. Roach,* 16 Neb., 673; *Miller v. Mesick,* 15 Id., 646; *Williams v. Bates,* Id., 566.

*J. S. Armstrong,* and *Anstine & Riley, contra,* cited : 1 Bouvier, L. D. [14th Ed.], 90; 1 Greenleaf, Ev. [13th Ed.], 223 ; *Brooks v. Dutcher,* 22 Neb., 644.

MAXWELL, J.

This action was brought by D. B. Sowards against James Starring before a justice of the peace upon an undertaking in replevin. There seems to have been the usual motion for a change of venue, which was sustained, and the cause transferred presumably to the nearest justice.

The bill of particulars is quite full, and, after stating the facts as to the action of replevin, and setting out a copy of the undertaking, it is alleged that " Upon the delivery of said undertaking the goods and chattels taken under said order of delivery were delivered to the aforesaid John Chinborg. The said James Starring, from whom the said specific personal property was taken on said writ of replevin, was a duly qualified constable of said Boone county

and was in possession of said specific personal property by virtue of an execution issued from a justice court of said county wherein D. B. Sowards, the plaintiff herein, was plaintiff, and one Charles Chinborg was defendant, and the said James Starring had no other interest in said specific personal property than that given by said execution; and upon the 24th day of September, 1887, and before trial of said action, all the parties being present, on motion of said James Starring, and at the instance of D. B. Sowards, he, the said D. B. Sowards, plaintiff herein, was made a party defendant in said action.     Upon trial of said cause in said court on the 24th day of September, 1887, a verdict was rendered against the defendants in said action, to-wit, James Starring and D. B. Sowards, plaintiffs herein.     Whereupon, to-wit, on the 4th day of October, 1887, said defendants filed an undertaking for an appeal to the district court of Boone county, which appeal was duly had and perfected.

"On the 3d day of May, 1888, said cause came on for hearing in said court before three arbitrators selected in accordance with a stipulation duly filed in said court in said action, and said arbitrators found the right of possession of said specific personal property at the commencement of the action to be in the defendants, James Starring and D. B. Sowards, this plaintiff, and that the right of possession of said specific personal property was of the value of $113.65, whereupon the court upon the same day aforesaid rendered judgment in accordance with said award for the return of said specific personal property, or in default thereof, to recover from the plaintiff therein the sum of $113.65 and cost of suit, amounting to $49.62; that said John Chinborg, the plaintiff therein, has not returned nor offered to return said specific personal property, nor any part thereof, and no part of said judgment has been paid.

"On the 4th day of February, 1889, an execution was issued to the sheriff of Boone county on said judgment, in

favor of this plaintiff and against the said John Chinborg, and said execution has been returned wholly unsatisfied."

To this bill of particulars the defendants below filed a formal answer in writing which contained a number of denials, and "defendants admit that the said James Starring was a duly qualified constable of said Boone county, and that at some time prior to the commencement of the action in replevin, mentioned in plaintiff's bill of particulars, the said James Starring had taken possession of the goods and chattels in controversy in said action in replevin under an execution issued from a justice court of said Boone county wherein said D. B. Sowards was plaintiff and Charles Chinborg was defendant, but submit that the same is not material to this action.

"Defendants further admit that said D. B. Sowards, plaintiff herein, was made a party defendant with said James Starring in said action in replevin.

"Defendants admit the truth of the allegations contained in paragraphs numbered 5, 6, and 7 of said bill of particulars.

"Defendants admit that an execution was issued on the 4th day of February, 1889, and that the same was returned unsatisfied by the sheriff of said Boone county, but defendants aver that said execution was issued in favor of D. B. Sowards and James Starring, instead of in favor of said D. B. Sowards, as is shown by a copy of said execution together with the return of the sheriff thereon," etc.

Upon the issue thus made the plaintiff below moved for judgment on the pleadings, which motion was sustained. The case was then taken on error to the district court, where the judgment was affirmed.

Section 1045 of the Code provides that "No suit shall be instituted on the undertaking given under section one thousand and thirty-seven, before an execution issued on a judgment in favor of the defendant in the action shall have been returned that sufficient property whereon to levy

and make the amount of such judgment cannot be found in the county."

It is alleged in the bill of particulars that an execution was issued on the judgment in replevin and returned wholly unsatisfied. The objection made by the plaintiff in error is that the execution was in favor of two plaintiffs when it should have been in favor of but one; but it seems to have been in the form in which the judgment was rendered; that is, the judgment in replevin seems to have been joint and the execution is in the same form, and, so far as appears, no injury resulted to the plaintiff in error thereby. The object of requiring an execution to be issued before an action is brought on the undertaking is to collect the amount of the judgment without suit. If the defendant in the judgment has personal property liable to levy and sale to satisfy said judgment, then an action on the undertaking would be unnecessary.

It is objected that the justice rendered judgment on the pleadings, which it is claimed he had no authority to do.

It is true that a demurrer to a pleading is unauthorized in an action before a justice of the peace, yet where an insufficient defense is set up in writing to a bill of particulars that states a cause of action and the case is submitted to the justice on the pleadings, he may decide as to the sufficiency of such answer, and if he hold that it fails to state a defense, and no effort is made to amend the same, he may render judgment on the pleadings.

In *Hedges v. Roach*, 16 Neb., 673, where on the trial the plaintiff moved for judgment, notwithstanding the answer, it was held that the motion was properly overruled the ordinary procedure being to demur to the answer, and thus test its sufficiency before the expense of summoning witnesses was incurred, and this, we think, is the correct mode of procedure, but it was not intended to supersede the practice which prevails to some extent of submitting cases on the pleadings. All proceedings before a justice of the peace

O. & R. V. R. Co. v. Brown.

are to be liberally construed in cases where he has jurisdiction.

A justice court is designed to furnish to litigants a tribunal near the homes of one or more of the parties for the trial of cases where large interests are not involved. Mere defects in the forms of procedure, where neither party has been deprived of a substantial right, will not warrant a reviewing court to set aside the judgment, and to justify such action it must appear that the party complaining has been injured by the act complained of.

So far as this record discloses it does not appear that the plaintiff in error has any defense to the action. The judgment is right and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.