JOSEPH A. KIME, APPELLANT, V. FRANK E. JESSE ET AL., APPELLEES.

FILED NOVEMBER 18, 1897. No. 7562.

1. Pleadings: METHODS OF ATTACK: JUDGMENT. The proper and orderly course of attack on a defective petition or answer under the provision of the Code of Civil Procedure, is by motion to make more definite and certain, to strike out, or by demurrer, as to reach the claimed defect may require; but under section 440 of said Code, which is as follows: "Where, upon the statements in the pleadings, one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, though a verdict has been found against such party,"—a motion for judgment on pleadings may be interposed before trial or at any time during the course of the pleadings, and if sustained and the pleading attacked is open to the objections urged against it, the ruling will not be reversed on the ground that such a motion was not proper or allowable.

2. Alteration of Mortgage. A material alteration of a mortgage without the consent of the mortgagor renders it void. *(Pereau v. Frederick*, 17 Neb., 117.)

3. ———: EFFECT ON NOTE. The material alteration of a mortgage by which it is avoided does not avoid a note or evidence of the debt for the payment of which it is the security.

APPEAL from the district court of Box Butte county. Heard below before BARTOW, J. *Modified.*

*R. C. Noleman* and *Chas. T. Jenkins*, for appellant.

*William Mitchell*, contra.

HARRISON, J.

July 26, 1894, the appellant commenced this action in the district court of Box Butte county, alleging in the

petition filed that Frank E. Jesse executed and delivered to him on December 16, 1892, a promissory note in the sum of $440, due one year after date, and to secure payment of the debt evidenced by the note, executed and delivered to appellant a mortgage in which it was intended to describe and render liable to the lien the northwest quarter of section 4, township 25, range 47, in Box Butte county, Nebraska; that the note and mortgage were prepared in the office of and by an attorney at law and notary public in Alliance, Box Butte county, he having been employed by the parties for such purpose; that in writing the mortgage a mistake occurred in the description of the land therein, by which it was located in township 24 instead of in township 25, its true location, and as it was intended to and should have appeared in the mortgage; that the mortgage as written and executed was on December 19, 1892, duly recorded in the proper office. It was further pleaded that at a date subsequent to the reception by the appellant of the mortgage and its record, he discovered that the mistake in the description of the land had been made, and the steps then taken by him we will give in the words of the petition, as follows:

"This plaintiff went at once to the said W. G. Simonson, who drew the mortgage as set out in this petition, and asked him, as the agent of the parties and as an attorney at law, what was best to be done in the matter, and thereupon the said W. G. Simonson advised and said that he was the agent of both parties to draw up said mortgage, and that it was to be correct, and to convey by mortgage another tract of land, and the said W. G. Simonson then corrected said mortgage to read 'township 25,' as was intended that it should read, instead of 'township 24,' as it by mistake did read.

"10. The said plaintiff, acting in good faith and relying on the validity of said correction, at once had said mortgage recorded as the same was after being corrected, in manner and form as heretofore set out in this petition.

Said recorded mortgage as recorded at this time, to-wit,
June 14, 1893, was duly recorded in Book 14 of the mort-
gage record of Box Butte county, Nebraska, at page 8,
and remains of record to this date. He relied wholly on
the ability of W. G. Simonson as an attorney, and on his
statements that he was agent for both parties and had a
right to correct said mortgage; and that it was corrected
not by the request of plaintiff, but by the consent of
plaintiff, relying on the statements of W. G. Simonson
that he was the agent of Frank Jesse, and if there was a
wrong done in this matter it has been done by the agent
of Frank Jesse, as this petitioner believes."

It was further pleaded that Frank E. Jesse intermar-
ried with the daughter of one Frank Bauer, Sr., and
afterward, and also subsequent to the time Frank E.
Jesse had ascertained the fact of the mistake in the de-
scription of land in the mortgage, he conveyed the real
estate, which it was intended should have been included
in the mortgage, to Frank Bauer, Sr., who was then
the father-in-law of the said Frank E. Jesse, the con-
sideration for such transfer stated in the conveyance be-
ing $1,000; that in fact there was no consideration passed
between the son-in-law and the father-in-law; the con-
veyance was but a pretension and the sale pursuant to
which it purported to be executed was a sham and unreal.

The prayer of the petition was for a reformation of the
mortgage and its foreclosure. A demurrer to the peti-
tion was filed for the defendant Bauer, but it seems not
to have received any further notice. The record does
not disclose that it was ever presented to the court or
passed on.

For Frank E. Jesse and his wife, of defendants, there
was filed the following motion: "Comes now the defend-
ants Frank E. Jesse and Mrs. Frank E. Jesse and move
the court for judgment of cancellation of mortgage in
above entitled case, and that same be declared void and
fraudulent, for the reason that plaintiff admits and
pleads in his petition that mortgage upon which this

action is brought is not —— mortgage executed by Frank
E. Jesse, but one that was changed so as to conform to
ideas and understanding of W. G. Simonson, a notary
public, who executed first mortgage."

Of the action taken on this motion there is the follow-
ing journal entry: "Now on this 19th day of September,
1894, this cause came on to be heard on motion of defend-
ants Frank E. Jesse and Mrs. Frank E. Jesse, first name
unknown, for judgment on pleadings, a cancellation of
mortgage in this case, and that same be declared void.
Whereupon the plaintiff was allowed to amend his peti-
tion instanter, but plaintiff asking for more time, he was
allowed until September 20, 1894, to amend his petition.

"September 21, 1894, the above motion of defendants
Jesse is sustained and mortgage and note involved in
this case is, and the same is hereby, considered and ad-
judged by the court, after being fully advised in the
matter, to be null and void, and note and mortgage is
hereby cancelled. Plaintiff excepts and is given forty
days to file his bill of exceptions."

It is argued that a motion for judgment on the plead-
ings could not be interposed and entertained at the stage
of the proceedings at which it was filed and presented
in the case at bar, that the only proper and allowable
method to make such an attack was by demurrer.    In
the case of *Hedges v. Roach*, 16 Neb., 673, it was stated:
"After   *   *   *   answer was filed the plaintiff moved
for judgment *non obstante*, and the overruling of his mo-
tion he assigns as the first error.   It was no doubt the
law and the practice, under the old system in courts of
equity, that at a certain stage of the case the plaintiff
could have it set down for argument on bill and answer,
and when upon such argument it appeared to the court
that the plaintiff's cause of action was undenied either
at law or in fact, a decree would be rendered for the plain-
tiff.   This practice has, I think, been superseded under
the Code by that of demurrer to the answer, motion for
order requiring defendant to make his answer more defi-

43

nite and certain, and motions to strike the answer from the files as frivolous. Some one of these will in each case be found to furnish the appropriate remedy against a faulty answer. So that, in the absence of authorities, this point cannot be sustained." And in the syllabus to the opinion it was said on this subject: "The overruling by the district court of a motion by the plaintiff for judgment *non obstante* the defendants answer, sustained; such motion not being in accordance with Code practice."

In *Simons v. Sowards*, 29 Neb., 487, wherein, before a justice of the peace, after bill of particulars and answer thereto, the plaintiff in the action made a motion for judgment on the pleadings, which was sustained by the justice and judgment rendered, which on error to a district court was affirmed, on review in error proceedings to this court it was stated in the opinion: "It is objected that the justice rendered judgment on the pleadings, which it is claimed he had no authority to do. It is true that a demurrer to a pleading is unauthorized in an action before a justice of the peace, yet where an in-sufficient defense is set up in writing to a bill of particulars that state a cause of action, and the case is submitted to the justice on the pleadings, he may decide as to the sufficiency of such answer, and if he hold that it fails to state a defense, and no effort is made to amend the same, he may render judgment on the pleadings."

In *Hedges v. Roach*, 16 Neb., 673, where on the trial the plaintiff moved for judgment, notwithstanding the answer, it was held that the motion was properly overruled, the ordinary procedure being to demur to the answer, and thus test its sufficiency before the expense of summoning witnesses was incurred, and this, we think, is the correct mode of procedure, but it was not intended to supersede the practice which prevails to some extent of submitting cases on the pleadings.

In the case of *Humboldt Mining Co. v. American Mfg., Mining & Milling Co.* in the circuit court of appeals (62 Fed. Rep., 356), the cause of action was based on the

guaranty by a corporation formed under the laws of Ohio of the contract of another corporation for the erection of a mining plant. In the answer one of the defenses interposed was that the Ohio corporation had no power to enter into the pretended agreement of guaranty; hence it was *ultra vires*. A reply was filed which had no bearing on this particular defense. Prior to answer a demurrer to the petition was filed on which it was stated in the opinion there seemed to have been no ruling. After the answer and reply were filed, one of the defendants made a motion for judgment on the pleadings, which was sustained. The court observes in the course of the decision: "The question in the case is whether the averment of the petition in reference to the corporate character of the iron-works company, read in the light of the corporation laws of Ohio, shows the guaranty sued on to be in excess of the powers of the company." It was determined that the power did not exist, and with reference to the right of the court to grant the motion it was said: "Section 5328 of the revised statutes [of Ohio] provides that 'When upon the statement in the pleadings, one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, although a verdict has been found against such party.' It was in accordance with this section that the court below entered the judgment here complained of. The contention on behalf of the plaintiff is that this section applies only after a verdict has been rendered, and that until then the court has no power to enter judgment. There is no such limitation in the words of the section, and it would seem to be absurd that when, upon the statements of the parties to the pleadings, one or the other is entitled to judgment, the court should go through the useless ceremony of submitting to a jury immaterial issues in order to enter judgment upon the pleadings without regard to the verdict."

We believe that, as was stated in *Hedges v. Roach, supra,* the proper practice under the Code requires that an attack

on a defective pleading, petition, answer, etc., should be by motion or demurrer, as the nature of the defect would seem to suggest. It will be noticed that the writer of that opinion closes what is therein written on the subject with the remark that "in the absence of authorities this point cannot be sustained," thus probably placing the conclusion announced, to some extent, at least, on the lack of authorities to the contrary effect.

The opinion in *Simons v. Sowards, supra,* holds that motion for judgment on the pleadings before a trial or verdict is allowable; and the one in the *Humboldt Mining Co. v. American Mfg., Mining & Milling Co.* is to the effect that such a motion is within the spirit, reason, and letter of the Code. Section 440 of our Code of Civil Procedure is as follows: "Where, upon the statements in the pleadings, one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, though a verdict has been found against such party." This, it will be noticed by comparison, is identical in meaning, if not entirely so in terms, with that of the Ohio section, *supra,* under consideration in the decision to which we have last herein referred. We are satisfied that a motion for judgment on the pleadings may be interposed before trial or verdict or during the course of the pleadings, and if the party whose pleading is attacked does not desire to amend, and on submission to the court the motion is sustained, if it further appears that the pleading was open to the objection urged against it, the judgment of the court which followed a favorable ruling on the motion will not be reversed on the ground that such a motion was not proper or allowable under the rules of practice.

Another question which arises is, was it disclosed by the petition that there had been a material alteration of the mortgage sought to be foreclosed? To this we think that the answer must be in the affirmative. It was set forth in the petition that there was a mistake in the description in the mortgage of the real estate which it was

intended to render liable as security for the payment of
a debt of the mortgagor, by which such property was
practically omitted from the instrument,—was not de-
scribed therein. The mortgagee, after the delivery of
the instrument to him and its record, discovered the mis-
take, returned with it to the draughtsman, and in reli-
ance on his assertion that he was the agent of both par-
ties to draw the mortgage, and as such could correct
any mistakes which had occurred during the perform-
ance of such work, procured or allowed him to change
the instrument in a material·portion of its description of
land. From these statements in the petition it was clear
that the mortgage had been avoided by the actions of
the mortgagee and the draughtsman and could not be
enforced. In *Pereau v. Frederick*, 17 Neb., 117, a case
very much in point, it was held: "Where the description
of mortgaged premises was altered without the assent
of the mortgagor, after the execution of the mortgage,
held, that the mortgage was void even in the hands of a
*bona fide* holder." The altered mortgage could not be
foreclosed or reformed. (*Marcy v. Dunlap*, 5 Lans. [N. Y.],
365.) It follows that the trial court did not err in sus-
taining the motion for judgment on the pleadings and
declaring the mortgage in suit void; but it went further
and also adjudged the note void, the payment of which
it was the purpose of the mortgage to secure. In this
last the court erred. In this state a mortgage is but an
incident to the note or debt,—a security for its payment.
And while it is true that if the note, the payment of
which is secured by a mortgage, is materially altered and
thereby avoided, the mortgage is rendered unenforceable,
it does not follow that a material alteration of a mort-
gage and its consequent annulment also renders the debt,
the payment of which is secured by it, incapable of col-
lection or any instrument by which the debt is evidenced
void. The indebtedness or instrument evidencing its
existence is or testifies to a personal obligation of the
debtor for the enforcement of which the creditor may

proceed against the debtor in a personal action, or the mortgage may be foreclosed and the property described therein subjected to the payment of the debt.

These are existing, different, and concurrent remedies, and subject to some restrictions; either may be resorted to at any time for the enforcement of the payment of the debt, the restrictions not going to the validity or existence of the debt, or the substance of an action for enforcement, but to the prosecution of both remedies at the same time. The destruction or avoiding of the mortgage, the incident to the debt, or evidence of it, does not carry with it the principal obligation, if it remains unaltered.

It follows from the conclusions announced that the judgment of the court, insomuch as it adjudged the mortgage void, will be affirmed, and to the extent it declared the note void will be reversed.

JUDGMENT ACCORDINGLY.