Nov. Term,
1854.

WIGGINS
v.
HOLMAN.

---

WIGGINS, Administrator, *v.* HOLMAN, Administrator.

Suit by *H.*, administrator of the estate of *Matilda Moore*, deceased, against *W.*, administrator of one *M.*, deceased. The complaint alleged that on, &c., *M.* had fraudulently induced *Matilda* to marry him, whereby he became possessed of a large amount of her real and personal property, he having a wife still living, and the former marriage being wholly unknown to *Matilda* until, &c. The second and fifth paragraphs of the answer were—2. That the property, money, &c., were voluntarily given by *Matilda* to *M.* in his lifetime. 5.

That *Matilda*, after she gave the property, &c., learned that *M.* was married to another woman, and made no objection, but permitted him to retain the same. *Held*, that the paragraphs were insufficient.

The fourth paragraph of the answer alleged, that *Matilda* had not, at her death, any rights, credits, &c., due from *M.'s* estate. *Held*, that this paragraph was merely an informal denial of the right of action, which did not require a replication. The Court having allowed a replication to be filed to this paragraph after the calling of the jury, but before they were sworn, *held*, also, that there was no error.

The Circuit Court having the discretion, under the R. S. 1852, to allow pleadings to be filed after the time limited therefor, the exercise of that discretion will be respected where it is not shown to have been abused.

Where a witness, being asked, for the purpose of impeaching his evidence, whether on an occasion, at a time, and in the presence of a person specified, he did not make particular statements conflicting with his evidence at bar, answers that he *has no recollection* of having made such statements, evidence is not admissible to prove that he did.

The Courts of Common Pleas have jurisdiction in actions against administrators, where the damages claimed exceed 1,000 dollars.

APPEAL from the *Wayne* Court of Common Pleas.

STUART, J.—*Joseph Holman*, the plaintiff, is the administrator of the estate of *Matilda Moore*, deceased; and *William Wiggins*, the defendant, is the administrator of that of *James Mullen*, deceased.

The complaint alleges that sometime in 1849, *Mullen* had fraudulently induced *Matilda* to marry him, whereby he became possessed of a large amount of her real and personal property, he, *Mullen*, having a wife still living, ·and the former marriage being wholly unknown to *Matilda* until, &c.

The amount claimed is 1,700 dollars. Of the several matters of defence set up, only the second and fifth are before us on demurrer.

The second avers that the property, money, &c., were voluntarily given by *Matilda* to *Mullen* in his lifetime: This is no defence. Whether this answer be taken to admit all the matters in the complaint which it does not controvert, or is to be regarded as an attempt to set up new matter in avoidance, it is equally defective. · The gist of the complaint; that the property, &c., was given, voluntarily, it may be, under a mistake of facts which *Mullen*

*Nov. Term,*
1854.

WIGGINS
v.
HOLMAN.

*Friday,*
*December* 8.

Nov. Term,
1854.

WIGGINS
v.
HOLMAN.

fraudulently concealed, is not answered. The demurrer was well taken.

The fifth clause of the answer avers that *Matilda*, after she gave the property, &c., learned that said *John* was married to another woman, and made no objection, but permitted him to retain the same. This is also defective. No fact is alleged sufficient to bar her right of recovery In a case of such cruel and gross fraud, a mere momen tary silence of the injured female as to his keeping the pro perty, could not be construed into a settled conviction of her mind that she should acquiesce in his continuing to keep it. Some more distinct manifestation of such an un natural intention, would be required. For it is not to be presumed that she would feel like rewarding one who had wronged her so deeply. What act of acquiescence on her part would have sufficed to manifest her intention, it is not necessary to intimate. It is sufficient to say, that the mere fact that she made no objection, but permitted him to retain the property, is not a sufficient defence. The de-murrer was correctly sustained.

The record presents several other questions for our con-sideration.

The Court, on application, permitted the plaintiff to file a replication after the calling, but before the swearing of the jury. This it is contended was erroneous. The repli-cation, the filing of which is complained of, was to the fourth clause of the answer. The fourth clause avers, in negative terms, that *Matilda* had not at her death any rights, credits, &c., due from *Mullen's* estate. This is an informal denial of the right of action. It contains no ma-terial allegation of new matter. The failure to file a repli-cation could not, as is contended in argument, have ope-rated as an admission of the facts alleged in that part of the answer, seeing there were no new facts alleged. It was, therefore, wholly immaterial whether any replication were filed. In such case the filing was not error. But had it been otherwise, the Court might, in its discretion, permit the party to file his pleadings after the time limited there-for. 2 R. S. 48. It does not appear that the discretion

was abused.  Nor is there any affidavit on file showing
that the change of pleadings so operated to his surprise or
injury, in making out his defence, that delay and further
time to prepare for the new emergency were necessary.  2
R. S. 109.

By another bill of exceptions the ruling of the Court on
a question of evidence is presented.  *Jarvis*, one of the
plaintiff's witnesses, was asked in cross-examination, for
the purpose of contradicting him, whether at, &c., on, &c.,
in the presence of, &c., he had not said that the amount of
property received by *Mullen* was 800 or 1,000 dollars.  He
replied that he had no recollection of making any such
statement, and that if he did make it, it was incorrect.
The defendant then offered to prove by one *King* that he
had made such statement, but the Court correctly held
that the evidence was inadmissible.  There was nothing
to contradict; for *Jarvis* did not deny having made the
statement, but simply that he did not recollect having
done so.  The only thing to be contradicted was the want
of recollection of *Jarvis;* and that was not attempted.  It
appears that counsel making this point could not have had
much confidence in it; for if it were a plain principle of
law, as is contended, they could easily have cited some
authority.

The last point raised is as to the jurisdiction of the
Court.  The amount claimed is 1,700 dollars.  It is con-
tended that the jurisdiction of the Common Pleas extends
only to cases where the sum due or demanded, or the dam-
ages claimed, do not exceed 1,000 dollars. · 2 R. S., p. 18,
s. 11.  And it is contended that this view is strengthened
by the wording of a subsequent act, viz., that claims filed
in that Court are to stand for trial as other civil actions
pending therein.  Acts of 1853, p. 51.  But the eleventh
section relates to the civil jurisdiction which for the first
time had been added to the probate jurisdiction of the
Court.  The jurisdiction of this cause is provided for in a
different part of the act.  2 R. S., p. 17., s. 4.

We are unable to see any application which the act of
1853 can have on the question of jurisdiction.

*Per Curiam.*—The judgment is affirmed, with 10 per cent. damages and costs.

*W. A. Bickle*, for the appellant.

*O. P. Morton*, for the appellee.