MENDEN-
HALL
*v.*
BANKS.

*Thursday,*
*June 6.*

---

MENDENHALL and Others *v.* BANKS.

The possession of a note by the payee, is *prima facie* evidence that he is the owner of it, although there may be on the note a special indorsement of it by him to a third person ; and he may, if he thinks proper, strike the name of such indorsee from the note.

When the question is asked a witness, with a view to his impeachment, whether he did not make certain statements out of Court on the same subject, and differing from his testimony in Court, and he answers that he has no recollection of having made them, evidence offered for the purpose of showing that he had made such statements is inadmissible.

*Thursday,*
*June 6.*

APPEAL from the *Howard* Circuit Court.

DAVISON, J.—The appellee, who was the plaintiff, brought an action against the appellants, alleging in his complaint,

that on *February* 26, 1855, *William* and *John Mendenhall* executed two promissory notes, each for the payment of $400, and given for a part of the purchase money of certain lands in *Howard* county, sold and conveyed by the plaintiff to the *Mendenhalls;* which notes are now due and unpaid, and are liens upon the lands conveyed, &c.   It is averred that *James W. Robinson,* after the execution of said notes, purchased the same lands at sheriff's sale, and then sold them to *Moses Bennett,* who is now in possession as the owner thereof in fee simple.   And the plaintiff in fact says, that *Robinson* and *Bennett,* when they made their respective purchases, had full notice of the plaintiff's lien upon the lands for purchase money.

The relief prayed is, that judgment be rendered against *William* and *John Mendenhall* for the amount due on the notes; and that a decree be entered, directing the sale of the lands for the payment of such judgment, in case the same can not be collected on execution against the *Mendenhalls,* out of property belonging to them, and subject to execution, and for general relief, &c.

*William* and *John Mendenhall* were defaulted.  *Robinson* and *Bennett* answered: 1. That the plaintiff is not the owner of the notes described in the complaint.  2. That they are innocent purchasers, having no notice whatever of the plaintiff's lien on the lands, &c.   Issues having been made, the cause was submitted to the Court, who found for the plaintiff, and having refused a new trial, rendered a judgment and decree in accordance with the prayer of the complaint. The record shows that the plaintiff, upon the trial, offered in evidence the notes in suit, " to the introduction of which the defendants objected, and in support of their objection proposed to prove, that while the issues were being made, there was on each note an indorsement showing the assignment of each to another person, and that the indorsements then on the notes had been afterward erased."  The objection was overruled, and the defendants excepted.  This exception is not well taken.   " The possession of a note by the payee is *prima facie* evidence that he is the owner of it, although there may be on the note a special indorsement of it by him to a third

person;" and he may, if he thinks proper, strike the name of the indorsee from the note. *Williams* v. *Dyer*, 5 Blackf. 160; *Dugan* v. *The United States*, 3 Wheat. 172. These, authorities fully sustain the admission of the notes as evidence in the case.

It is further shown, that the plaintiff introduced *John Mendenhall*, one of the defendants, who testified, *inter alia*, that some four or five days prior to the date of the execution upon which the sheriff sold the lands in question to *Robinson*, he, witness, called at the office of *Robinson*, who was then attorney for the plaintiff in the judgment upon which the execution was afterward issued; and in a conversation relative to the payment of the judgment, *Robinson* inquired of witness whether there were any liens on said lands. When witness replied, that there was a mortgage executed by *Banks* to the Sinking Fund, and that *Banks* held two notes, being the same described in the complaint, against *William* and *John Mendenhall*, which were given by them to him for a part of the purchase money of the lands. The defendants then asked the witness whether he did not, on the day the lands were sold by the sheriff, at the Court-house, state in the presence of the sheriff, *Samuel Lamb*, and *Adam Clark*, that there were no liens on the lands, save a mortgage to the Sinking Fund for $150? To this he answered that he had not so stated; but the question having been again put, in the same form, he replied that he had no recollection of having made any such statement. And the defendants thereupon produced the said *Lamb* and *Clark*, and by them proposed to prove that the witness did, at the time, place, and in the presence mentioned in the interrogatory, make the aforesaid statement. But the Court refused to hear the proof, and the defendants excepted. The proposed testimony was evidently intended to impeach the credit of the witness, by proving that he had made statements out of Court, on the same subject, contrary to his statement on oath, at the trial. There must, however, be a previous inquiry of the witness as to such alleged statements, and if he neither admits nor denies them, but, as in this instance, simply states " that he had no recollection of having made them," such contradictory evidence has been

often held inadmissible, because there is really nothing to contradict. *Wiggins* v. *Holman*, 5 Ind. 502; *Mc Vey* v. *Blair*, 7 Ind. 590. This seems to be the settled rule of decision in this Court, and we are inclined to follow it. The Court in its refusal to admit the testimony committed no error. A question is raised as to the sufficiency of the evidence to sustain the finding of the Court; but having carefully examined the evidence, we are fully satisfied that the facts proved fully support the decision.

*Per Curiam.*—The judgment is affirmed, with costs.

*J. W. Robinson*, for the appellants.

*H. A. Brouse* and *R. Vaile*, for the appellee.