West *et al. v.* Hayes.

Filed Dec. 16, 1885.

104 | 251
181 | 539
104 | 251
145 | 529
104 | 251
152 | 54

No. 12,147.

WEST ET AL. *v.* HAYES.

PLEADING.—*Complaint on Promissory Note.*—*Defect in, Cured by Exhibit.*—*Assignment of Error.*—When questioned first by an assignment of error, a complaint on a promissory note, which fails to aver that the note was due when the action was commenced, will be deemed cured when the copy filed with the complaint shows such fact.

PROMISSORY NOTE.—*Pleading Unliquidated Damages in Set-Off.*—*Malicious Prosecution of Civil Action.*—To a complaint on a promissory note an answer that the plaintiff had maliciously and without cause procured the prosecution of a civil action against the defendant which was still pend-

ing, and that he had been and would be put to great cost and expense in defending such action, whereby the note in suit had been fully satisfied, is bad.

From the Dearborn Circuit Court.

*J. K. Thompson,* for appellants.

*J. S. Jelley,* for appellee.

NIBLACK, C. J.—This cause was entitled in the court below, Caroline M. Hayes *v.* Warren West and Nancy West, and the body of the complaint, which was filed on the 25th day of July, 1884, was as follows: " The above named plaintiff, Caroline M. Hayes, complains of said defendants, Warren West and Nancy West, and says that the defendants, on the 23d day of March, 1883, by their note, a copy of which is filed herewith, promised to pay the plaintiff five hundred dollars, which remains unpaid, and the plaintiff demands judgment for seven hundred dollars."

The copy of the note filed with the complaint corresponds with the description given above, except that the note was thereby shown to have been payable one year after date.

The defendants answered: *First.* That the defendant Nancy West was the principal debtor upon the note, and that her co-defendant Warren West was only surety thereon; that said note was given as a part of the consideration for the conveyance, by the plaintiff and her husband, Ezra G. Hayes, of particularly described real estate situate in Dearborn county, in this State, to the said Nancy West, who still held and owned said real estate, and upon which the unpaid purchase-money was still a lien for the protection of him, the said Warren West;. that such conveyance was executed on the 23d day of March, 1883, the day on which the note sued on was given, and that at the same time another note for a like amount was executed and as a part of the same consideration, which note was still held by the plaintiff; that the plaintiff had nevertheless induced and procured her husband, the said Ezra G. Hayes, to wrongfully, maliciously and op-

pressively prosecute a suit in the Dearborn Circuit Court against the defendants herein, for her use and benefit, in which a judgment for the sum of $16,000 was demanded on account of said real estate which she, the said Nancy West, had also, before that time, lawfully purchased at a sheriff's sale for the sum of $5,269.69, and had, on the 2d day of June, 1881, received a sheriff's deed therefor; that the conveyance made by the plaintiff and her husband to her, the said Nancy West, as herein above stated, was in consideration of the sum of $1,000, for which two notes of $500 each were executed as above set forth; that she, the said Nancy, had paid the amount for which she purchased such real estate at sheriff's sale in cash, and that hence said suit, in which a judgment for $16,000 was demanded, was groundless as well as malicious; that the plaintiff continued to prosecute said suit, and to thereby annoy and harass the defendants; that the plaintiff, through her said husband, had filed an affidavit in said cause for a change of venue from the county of Dearborn, by reason of which the defendants had been put to great trouble and expense for attorneys' fees, amounting to the sum of $500; that the plaintiff was, through her said husband, maliciously and without any good cause, threatening to persist in demanding and obtaining a change of venue of said cause, and in having the same tried in another jurisdiction; that the said Ezra G. Hayes was insolvent and had no property subject to execution; that if said threat should be put into execution, the defendants would be subjected to an additional expense of $500; that in a suit in the Ohio Circuit Court, in which the defendant Warren West was plaintiff and the said Ezra G. Hayes was defendant, which was determined in favor of the said Warren West, a judgment was rendered therein for the latter for $3,035.20 and costs of suit taxed at $100, all of which remained unpaid and which could only be collected, if at all, out of property mortgaged to secure the same; that the note in suit was fully

satisfied by the costs, expenses and damages to which the defendants had been subjected as herein charged.

This paragraph of answer was, upon demurrer, held to be insufficient as a defence, and, issue being joined upon other paragraphs of answer, the court made a finding in favor of the plaintiff, assessing her damages at $520.90, and caused judgment to be entered accordingly.

A question is now made for the first time upon the sufficiency of the complaint. It is also claimed that the circuit court erred in sustaining a demurrer to the paragraph of answer, the substantial allegations of which are given as above.

The alleged insufficiency of the complaint is urged upon the ground that it did not aver that the note in judgment was due at the time of the commencement of this suit. It is true that the body of the complaint did fail to aver that the note had, at that time, become due and payable, but the copy of the note filed with the complaint supplied the omitted averment, and cured the defect complained of. *Lentz* v. *Martin,* 75 Ind. 228.

We know of no theory upon which the paragraph of answer under consideration can be held to have been sufficient as a defence to the action. In the first place, it is well settled that a person can not maintain an action for the malicious prosecution of a civil suit against him, until the legal termination of the suit complained of as malicious, in his favor. In the next place, the general rule is that unliquidated damages can not be pleaded by way of set-off, and nothing is alleged in the paragraph of answer before us which takes this case out of that general rule. *McCullough* v. *Rice,* 59 Ind. 580; *McCardle* v. *McGinley,* 86 Ind. 538 (44 Am. R. 343); Wait's Actions and Defences, vol. 4, 347, vol. 7, 481.

The judgment is affirmed, with costs.

Filed Dec. 19, 1885.