Bouvey, Guardian, v. McNeal et al.

No. 14,734.

BOUVEY, GUARDIAN, v. MCNEAL ET AL.

MARRIED WOMAN.—Loan to.—Suretyship.—Where a married woman applies for a loan, in the absence of her husband, representing that she desires to borrow the money for her own use, and the loan is made, and she receives the money, without any knowledge on the part of the lender that it is not for her own use, and executes a note and a mortgage to secure it on her separate property, her husband joining, such married woman is liable as principal to the payee of the note. The lender in such case is not affected by any disposition afterwards made by her of the money received.

| 126 | 541 |
| 128 | 22 |
| 126 | 541 |
| 131 | 273 |
| 131 | 541 |
| 126 | 541 |
| 134 | 481 |
| 136 | 381 |
| 126 | 541 |
| 164 | 393 |

From the Knox Circuit Court.

W. H. DeWolf, S. N. Chambers and E. H. DeWolf, for appellant.

W. A. Cullop and C. B. Kessinger, for appellees.

COFFEY, J.—This was an action by the appellant against the appellees upon a promissory note, and to foreclose a mortgage executed by the appellees to secure the payment of the same. The appellee Minerva answered :

First. General denial.

Second. Payment.

Third. That at the date of the execution of the note in suit she was the wife of her co-defendant, and executed the same as his surety.

Fourth. Substantially the same as the third.

Fifth. That as to so much of the complaint as seeks to foreclose the mortgage, at the time of the execution of the same she was a married woman, the wife of her co-defendant ; that the land therein described was her separate property, and that the mortgage was executed to secure the debt of her husband.

Reply in denial. Trial by the court ; finding and judgment for the amount of the note against the appellee Thomas F. McNeal, and finding and judgment for the appellee Minerva.

The appellant filed a motion for a new trial, assigning as reasons therefor :

*First.* That the finding of the court was contrary to law.

*Second.* That the finding of the court was not sustained by the evidence.

The motion was overruled, and he excepted.

The only question presented for our consideration relates to the propriety of the ruling of the circuit court in over-ruling the motion for a new trial.

The facts in the case, as they are disclosed by the evidence, are, that the appellees, at the time of the execution of the note and mortgage in suit, were husband and wife, and that she was the separate owner of the real estate covered by the mortgage. The note was executed in consideration of money loaned. The appellees were married on the 19th day of July, 1886, and the loan was effected on the 26th day of the same month. The appellee Minerva testified that she applied for the loan on the 24th day of July, while the attorney through whom the loan was effected, testified that she made the application before her marriage with her co-defendant.

The appellees had an agreement between themselves that the money was to be borrowed for the use of the husband. The appellee Minerva went to the attorney, through whom the loan was made, alone, and represented to him that she desired to borrow the money for her own use to pay certain legal obligations, which she named. She returned to the office of the attorney, with her husband, on the 26th day of July, when the note and mortgage were prepared and signed and she received a check for the money payable to herself. She presented the check at the bank, received the money therefor, and upon returning home delivered it to her husband. He used a small portion of the money to pay a board bill due from himself, and to purchase some clothing. With the remainder he paid the fare of himself, his wife and her children to the city of St. Louis, and purchased necessary

household goods to set them up for housekeeping in that city. They left Vincennes where the loan was negotiated, and where they had resided up to that time, at 2 o'clock on the night of the day the money was procured and located in St. Louis, Missouri, where they resided at the time of the trial of this cause. At the time of the loan the appellee Thomas F. McNeal had no property of any description.

The question is whether these facts sustain the plea of the appellee Minerva, to the effect that the debt evidenced by the note in suit is not her debt, but the debt of her husband, and that she is only a surety on said note.

Acting upon the well known rule that it is for the trial court to weigh the evidence, we must assume that the application for the loan was made on the 24th day of July, after the marriage of the appellee Minerva with her co-defendant. But assuming this fact as true, it does not follow that the other facts sustain her plea. She applied for the loan in the absence of her husband, stating that the money was for her use. She negotiated the loan in the absence of her husband. The check was made payable to her, and she actually received the money without any knowledge or information on the part of the lender, or reason to believe, that it was for the use of any person other than herself. To permit her, under these circumstances, to defeat the note and mortgage, on the ground that she was the mere surety of her husband, would be to permit her to perpetrate a gross fraud, to the great loss of the appellant's wards, to whom the money belonged. Had the appellant interposed a plea of estoppel, these facts would fully sustain it. *Ward* v. *Berkshire Life Ins. Co.*, 108 Ind. 301.

But we do not think it was necessary in this case to interpose a plea of estoppel. The appellee Minerva negotiated the loan, and actually received the consideration of the note in suit.

In the case of *Vogel* v. *Leichner*, 102 Ind. 55, it was held that the question of suretyship was not to be determined by

the form of the contract, nor from the basis upon which the transaction was had, but from the inquiry, was the wife to receive, in person, or in benefit to her estate, the consideration upon which the contract rests?

That the appellee Minerva did in fact receive the consideration of the contract in suit, in person, she admits. That to obtain it she represented that she desired it for her own use, and that it was loaned to her without any knowledge on the part of the lender, or reason on his part to believe that it was for the use of any other person, she does not deny. Under these facts, as between her and the payee of the note, we think she is a principal debtor, and not a surety.

It must be borne in mind that we are not dealing with a case where there has been an attempt to evade the statute, but with a case where a loan is made to a married woman, in good faith, under the belief that the money is for her use. In such case the lender can not be affected by any disposition she may afterwards make of the funds which she thus receives.

In our opinion the court erred in overruling the motion for a new trial.

Judgment reversed, with directions to the circuit court to grant a new trial.

