Taylor *v.* Hearn *et al.*.

Filed May 10, 1892.

———

No. 15,804.

TAYLOR *v.* HEARN ET AL.

PLEADING.—*Defects Cured.*—In an action on a note and for the foreclosure of a mortgage, facts which are not averred in the pleading, but which appear in copies of the note and mortgage therein set out, cure the deficiency of the paragraph.

SAME.—*Complaint.*—*Sufficiency of Demurrer.*—A complaint which states an immaterial fact is not bad on demurrer if it also states a cause of action for some relief.

MARRIED WOMAN.—*Estoppel.*—*Suretyship.*—*Representations.*—When a married woman represents that a loan, which is secured by mortgage on her lands, is for her own use, she will be estopped, as against one who in good faith has contracted with her in reliance upon her statements, from asserting that she is a surety, and not the principal in the transaction.

From the Jay Circuit Court.

*D. T. Taylor, J. W. Headington* and *J. F. LaFollette,* for appellant.

*C. Corwin, J. M. Smith* and *S. W. Haynes,* for appellees.

MILLER, J.—This suit was brought by the appellee against the appellant, and her husband, who does not join in the appeal, on a note executed by both defendants, and for the fore-

closure of a mortgage on the separate property of the appellant.

A number of errors are assigned in this court, which we will consider in their order.

It is claimed that the first paragraph of the complaint was bad, and that the court erred in overruling the demurrer filed to it.

The objections pointed out to this paragraph are, as stated in the brief of counsel:

1st. "That it contains no allegation as to who the mortgagee was."

2d. "That the paragraph does not contain a description of the lands mortgaged."

3d. "That it is not averred that the mortgage is due and unpaid; nor that the mortgage was executed to secure the payment of the note."

Copies of the note and mortgage were filed with each paragraph of the complaint, and from their recitals we know that the mortgage was executed to secure the note which was given to the appellee. A full description of the real estate is set out in the mortgage. It is alleged that the note was due and unpaid.

These allegations and recitals dispose of all the objections to this paragraph. The pleading would be good on demurrer if each of the objections were well taken, for the plaintiff would still be entitled to a personal judgment on the note.

A demurrer was overruled to the second paragraph of the complaint, and this ruling is assigned as error.

This paragraph counts upon, and exhibits, the same note and mortgage mentioned in the first paragraph, and in addition to the usual averments, says: "That before the maturity of said note the plaintiff indorsed said note for a valuable consideration, to one Harvey P. Swarner; that afterwards the said Swarner brought suit against this plaintiff on the indorsement on said note, but before the same went into judgment said plaintiff took up said note and paid to said

Swarner thereon the face and interest thereof, and in addition thereto was compelled to, and did, pay twenty dollars as attorney fees, and thirty dollars costs, which attorney fees, costs, note and interest have not been paid to this plaintiff by defendant."

It is argued that this paragraph shows that the note had been assigned by the appellee to Swarner, and fails to show that it had been re-assigned to the plaintiff before the bringing of the action.

The language used in the pleading that, after suit upon his indorsement, but before judgment, the "plaintiff took up said note and paid to Swarner the face and interest thereof," is susceptible of but one meaning, and that is that the note was re-assigned to the payee. In addition to this, the possession of the note by the plaintiff imports ownership on his part. *Mendenhall* v. *Banks,* 16 Ind. 284; *Williams* v. *Dyer,* 5 Blackf. 160; *Paulman* v. *Claycomb,* 75 Ind. 64.

It is also argued that the appellant was not liable for the amount paid by the appellee for attorney's fees and costs incurred in the suit by Swarner against the appellee. This is probably true, but that would not make the complaint bad on demurrer. If this paragraph stated a cause of action for some relief, the demurrer was correctly overruled. *Bayless* v. *Glenn,* 72 Ind. 5.

We are of the opinion that a fair construction of the allegations of this paragraph shows that it charges that the note was *due,* but it is not important that it should so state, for the copy of the note filed as an exhibit shows that it had long been overdue. *Green* v. *Louthain,* 49 Ind. 139; *Hardin* v. *Helton,* 50 Ind. 319; *West* v. *Hayes,* 104 Ind. 251.

The appellant filed a counter-claim against the appellee and her husband in which she averred that she was the owner of the land described in the mortgage in her own right, and that she signed the note and mortgage as the surety of her husband, who received the consideration for which they

were executed, and asked that they be cancelled and the title of the land quieted.

To this the appellee answered, that in September, 1887, the defendant, John W. Taylor, came to his restaurant in the city of Portland, and stated that his wife was the owner of a large amount of real and personal property which she was desirous of trading for such restaurant; that he, John W., was her agent; that afterward the appellee and another called upon her at her residence on her farm and stated to her that they had come, at the solicitation of her husband, to negotiate a trade of the restaurant for her property; that they then and there stated to her that they were not trading with her husband, and would not trade with him; that she told them that she owned the stock on the farm, and that she desired to trade it for the restaurant, and go into the restaurant business, for her own use, separate business and benefit; that after looking at the stock on the farm they returned to her, and stated the terms upon which they were willing to make the trade, which included the execution by her, to the appellee, of the note and mortgage in suit; that she stated that she was willing to make the exchange, and agreed that the trade might be consummated with her husband, as her agent, and then and there made and signed the following affidavit:

"I, Turressa B. Taylor, being a married woman, and having bought of Christopher Hearn certain merchandise, and executing to the said Hearn a mortgage on the east half of the northeast quarter of section 8, town. 23, range 13 east, to secure the sum of seven hundred dollars, due in one year from this date, being sworn according to law, on my oath depose and say, that this mortgage is given to be used by me exclusively, and not for the use of my said husband, nor any other person, either directly or indirectly; nor is the said debt proposed to be secured money, nor the mortgage proposed to be executed by me to secure the same, to be payment or security of the debt of my said husband, nor any other person,

Taylor *v.* Hearn *et al.*

but the money is to be used to buy a restaurant for my own individual use and benefit.    This Sept. 12th, 1887.

"TURRESSA B. TAYLOR.

"Subscribed and sworn to before me this Sept. 12th, 1887.

"CHAS. W. McLAUGHLIN,

"*Notary Public.*"

That by her representations, which the plaintiff believed to be true, he was induced to exchange his said restaurant to the said Turressa, as he then understood the contract, which he would not have done had it not been for the same ; that after the exchange of the property and execution of the note and mortgage, said Turressa entered into the possession of the restaurant and continued to operate the same, in her own name, and as her own separate property, for a period of about one year, and so long as she remained in the same.

The appellant demurred to this paragraph, her demurrer was overruled, and this ruling is assigned as error.

We are satisfied that the facts stated in this paragraph of answer to the counter-claim are sufficient to estop the appellant from asserting, as a defence to the collection of the note and mortgage, that she was the surety of her husband, and not the principal in the note.

It is well settled that where a married woman represents that a loan, which is secured by mortgage on her lands, is for her own use, she will be estopped, as against one who in good faith has contracted with her in reliance upon her statements, from asserting that she is a surety, and not the principal in the transaction.    *Ward* v. *Berkshire, etc., Ins. Co.,* 108 Ind. 301 ; *Rogers* v. *Union, etc., Ins. Co.,* 111 Ind. 343 ; *Lane* v. *Schlemmer,* 114 Ind. 296 ; *Bouvey* v. *McNeal,* 126 Ind. 541 ; *Cummings* v. *Martin,* 128 Ind. 20.

We have considered the argument of appellant, that the pleading shows that the appellee was not misled by the statements and affidavit of the appellant, but are of the opinion that we can not, in construing this pleading, disregard the plain averments in the answer, that he believed her

statements and representations to be true, and was then and thereby induced to enter into the contract, which he would not have done had it not been for the same.

The statements made by the appellant that she was the principal in the transaction, and was trading for the restaurant for her own individual use, could not well have been in stronger terms than those contained in her affidavit. She certainly is not in a position to say that her sworn statements were untrue, and that the appellee should not have believed them.

The statute forbidding married women from becoming sureties was enacted for their protection, but not to permit them to perpetrate fraud.

The second and third paragraphs of answer to the counter-claim of the appellant are in substance the same. They admit that at the time she signed the note and mortgage she was a married woman, but aver that the consideration of the note was the barter and exchange of a restaurant and bakery, traded to and delivered to her, as her own separate and individual property, for her own use and separate business.

These answers amount to little more than special denials of the counter-claim. They do, however, state facts which, if true, show that the appellant was the principal in the transaction, having bartered for the property, in part payment for which the note and mortgage in suit were executed. If she received the consideration for which the note was executed, she was the principal, and not a surety for her husband. *Vogel* v. *Leichner*, 102 Ind. 55; *Bouvey* v. *McNeal*, *supra*; *Crisman* v. *Leonard*, 126 Ind. 202; *Johnson* v. *Jouchert*, 124 Ind. 105.

The court did not err in overruling the appellant's demurrer to either of these answers.

The sixth and seventh errors assigned relate to the action of the court in overruling the demurrers to the first and second paragraphs of appellee's reply to appellant's answer.

We have examined these pleadings, and find that they are,

in substance, repetitions of pleadings filed in making up the issues on the counter-claim of the appellant, and present no question not considered and passed upon in this opinion.

We find no error in the record.

Judgment affirmed.

Filed May 12, 1892.