## BALDWIN v. BOYCE.

[No. 18,658.   Filed Oct. 6, 1898.   Rehearing denied Dec. 30, 1898.]

CHATTEL MORTGAGE.—*Description of Property.*—*Location.*—*Enforcement Against Purchaser of Mortgaged Chattels.*—The description of property in a chattel mortgage, as located at a certain street and number, omitting the name of the city and county, is sufficiently definite to authorize the enforcement of the lien against the property in the hands of a purchaser thereof, where the mortgage disclosed that the mortgagor was a resident of a certain county; that the mortgage note was made payable at a bank in the county seat

Baldwin v. Boyce.

of such county; the mortgage acknowledged and recorded in such county; that the mortgaged property was in the possession of the mortgagor and that she was to retain the possession of the mortgaged property until the maturity of the note secured. *pp. 47-53.*

SAME.—*Description.—Identification of Property.—Parol Evidence.*— Parol evidence is admissible for the purpose of aiding the description in the mortgage in the identification of the mortgaged property. *p. 51.*

SAME.—*Foreclosure.—Complaint.—Record of Mortgage.*—An allegation in a complaint to foreclose a chattel mortgage that the mortgage was recorded in a certain county within ten days after its execution, and a copy of the mortgage, made a part of the complaint by exhibit, disclosing that the mortgagor resided in such county at the time she executed the mortgage, sufficiently show that the mortgage was recorded in the county in which the mortgagor resided. *pp. 53-54.*

SAME.—*Foreclosure.—Complaint.—Maturity of Debt.*—The omission in a complaint to foreclose a chattel mortgage of an averment as to the maturity of the debt is supplied by a copy of the mortgage filed therewith showing that the note secured had fully matured before the action was instituted, and such infirmity in the pleading is thereby cured. *p. 54.*

SAME.—*Foreclosure.—Complaint.—Allegation as to Payment.*—An averment in a complaint to foreclose a chattel mortgage upon property in the hands of a purchaser thereof, that plaintiff holds a lien on the mortgaged chattels by virtue of her mortgage, and that the interest in the property held by the defendant is inferior and junior to her said lien, inferentially shows that the mortgage debt was unpaid at the time of the commencement of the action, and is sufficient to put defendant upon his answer. *pp. 54, 55.*

From the Delaware Circuit Court.   *Reversed.*

*Wagner, Bingham & Long,* for appellant.

*Chauncey L. Medsker,* for appellee.

JORDAN, J.—This action was originally commenced by appellant against the appellee and Sarah Herman to recover a judgment against the latter upon a promissory note and to foreclose a chattel mortgage, securing the payment of said note against appellee, Boyce.

The cause of the action was subsequently dismissed as to the defendant, Herman, and the court, having sustained a separate demurrer of appellee to the complaint for insuffi-

ciency of facts, judgment was rendered upon demurrer against appellant, and the ruling of the court in sustaining this demurrer is the only error assigned.

The complaint, among other things, alleges the execution of the note by the defendant Herman, to plaintiff, on February 20, 1896, for the sum of $300, and to secure the payment of this note, with the interest thereon when due, it is averred that the said defendant Herman, on March 27, 1896, executed to plaintiff a chattel mortgage on her stock of furniture and restaurant fixtures then situated in the restaurant and hotel rooms, being located at No. 313 East Main street, in the city of Muncie, Delaware county, Indiana. It is further alleged that this mortgage was duly recorded in the recorder's office of Delaware county, Indiana, within ten days after its execution. It is also averred that on the — day of ————, 1896, the defendant, Boyce, purchased from said Herman the said property.

At the time of the execution of the chattel mortgage in question, and for many years prior thereto, and ever since said time, it is averred that the defendant Boyce, "Was, has been, and is now the owner of said restaurant and hotel room and the building in which the same are situated;" that at the time the mortgage was executed by Sarah Herman, the latter was the tenant of Boyce, and occupied these rooms at No. 313 East Main street in the said city of Muncie; that these rooms, at the time of the purchase of the property by Boyce, were well known to him, and he also, at that time, knew that said property consisted of hotel and restaurant furniture and fixtures, and was situated in the said rooms and building, and he also knew, it is averred, that said rooms were numbered 313 East Main street, in the said city of Muncie, and that they had been so numbered long prior thereto.

It is further alleged, in the complaint, that in drafting the mortgage in suit, the name of the city and county in which the chattels were situated was inadvertently and

unintentionally omitted. A copy of the mortgage is filed with the complaint and made a part thereof, and what also purports to be a copy of the note, secured by the mortgage, is filed as an exhibit with the complaint.

The prayer of the plaintiff, as far as it applies to appellant, is for a foreclosure of the chattel mortgage and the sale of the mortgaged property in payment and satisfaction of the mortgage debt. The mortgage, among other things, as the copy thereof discloses, recites that Sarah Herman, of Delaware county, in the State of Indiana, mortgages to Mary Baldwin, etc., the following described personal property, to wit: "All and singular the restaurant and hotel furniture and fixtures, located in and situated in and about the 1st, 2nd and 3rd stories of No. 313, East Main street, consisting of the following articles, to wit: 1 large folding lunch counter; 1 large wall casé; set shelving; 1 ten gallon coffee urn; 1 glass top cigar case; 1 wall mirror; 1 bank mirror; 6 folding tables; 10 side tables; 6 tray stands; 10 lunch counter chairs; 50 dining chairs; 1 sideboard; 80 yards linoleum; 1 small refrigerator; 1 large refrigerator; 1 linen and dish safe; 1 ten-hole range; 1 steam table; 1 charcoal broiler and utensils; 1 thirty gallon hot water boiler; 1 gas stove; 24 bedsteads with the bedding for the same; 21 wash-stands with bowls and pitchers; carpeting in 22 rooms and hall carpeting; 7 heating stoves for upstairs rooms; 24 mirrors; 9 dressers; 50 chairs; 1 piano. To secure the payment of a certain promissory note, dated at Muncie, Indiana, February 20, 1896, for the sum of $300 and due in sixty days from date and payable at the Merchants' National Bank of Muncie, Indiana, with eight per cent. interest per annum, executed by the said Sarah Herman to the said Mary Baldwin."

The mortgage also discloses that the mortgagor was in possession of the mortgaged property at the time of its execution, and that under its terms she was to retain the possession and use of the property until the note secured thereby

became due. It appears from the exhibit that the mortgage was duly acknowledged and filed for record on the same day that it was executed, and that it was recorded in the chattel mortgage record. 8, in the recorder's office of Delaware county.

We are informed, by the brief of appellant's counsel, that the lower court held, upon the demurrer of appellee, the description of the mortgaged property insufficient. The contention of appellant's counsel is that the description of the mortgaged chattels is sufficient and that the complaint, when aided by the facts which a copy of the mortgage discloses, is substantially sufficient to withstand the demurrer of appellee.

The principal question discussed, *pro* and *con*, by counsel for the respective parties relates to the sufficiency of the description of the property, as described in the mortgage. It is insisted by appellee that the description of the chattels covered by the mortgage is not sufficiently definite or certain as to authorize the enforcement of the lien against the property in the hands of appellee, whom, it is said, is a purchaser thereof in good faith.

Appellee virtually concedes that, if the instrument contained anything by which the property might be identified, then, in that event, it might be held sufficient. The insistence is that the instrument states but one thing that would, if certain, afford means of identification, and that is, that the mortgaged goods are situated at "No. 313 East Main street," but as to where "East Main street" is located, it is asserted, is left wholly indefinite by the mortgage.

The rule is well settled in this jurisdiction, as well as elsewhere, that the description in a chattel mortgage must be reasonably certain, and a description of the property which will enable third persons, aided by the inquiries which the instrument itself indicates, or suggests, to identify the mortgaged property, is sufficient. The rule asserted by the ancient maxim of the law, *"certum est quod certum reddi po-*

*test,*" that is certain which can be rendered certain, is applicable to the description in a chattel mortgage. The law properly permits parol evidence to be employed, not to furnish the description but to aid, if possible, the description given in the mortgage, in the identification of the mortgaged property. In support of the doctrine above asserted, see *Burns* v. *Harris*, 66 Ind. 536; *Tindall, Adm.,* v. *Wasson*, 74 Ind. 495; *Duke* v. *Strickland*, 43 Ind. 494; *Ebberle* v. *Mayer*, 51 Ind. 235; *Muncie Nat. Bank* v. *Brown*, 112 Ind. 474; *Buck* v. *Young*, 1 Ind. App. 558; *Koehring* v. *Aultman, etc., Co.,* 7 Ind. App. 475; 5 Am. & Eng. Ency. of Law (2nd ed.) 956.

Cobbey on Chattel Mortgages, section 188, states the rule as follows: "The general rule seems to be that, as between the parties, any description is good, if the parties at the time knew and understood what the mortgage covered. That as to third parties, where the property intended to be mortgaged was identified at the time, any description which points out the particular property, or suggests inquiries by which it can be identified outside of the instrument, is good against the world. If part or all of the description is erroneous, it is only to be rejected, as invalidating the mortgage, when it is so misleading as not even to suggest the property intended to be mortgaged; and if part of the property can still be identified, it is good as to that part."

Applying the principles, to which we have referred, to the mortgage in the case at bar and testing it thereby, we are of the opinion that the description therein must be held sufficient. The description of the property is mainly assailed by the appellee upon the ground that the location thereof is rendered uncertain or indefinite, for the reason that the instrument omits the name of the place where the designated street is situated. As a general rule it is true that the location of the mortgaged chattels ought to be given in the mortgage, still, as location serves only as an element or

feature of identification, its omission is not necessarily fatal, if the property is otherwise sufficiently described.

We cannot concur, however, in the contention of counsel for the appellee that the omission in the mortgage of the particular town or city, wherein the designated street is situated, renders the description of the property, as otherwise furnished by the instrument, insufficient. The claim of the appellee, that the failure to give the name of the town. or city, in which "East Main street" may be found, leaves the instrument without any other circumstances or means to identify the property, is not supported by the facts. The mortgage, as heretofore said, states that the chattels mortgaged consisted of restaurant and hotel furniture and fixtures, located in and about the first, second, and third stories at No. 313 East Main street. It further discloses that the mortgagor was of Delaware county, Indiana, and that the property was in her possession, and that she was to retain the possession and use of the same until the maturity of the note secured. It was further recited therein that the note secured thereby was executed by the mortgagor to the mortgagee at Muncie, Indiana, and was made payable at a designated bank in that city. It was further shown by the instrument that it was acknowledged before a notary of Delaware county, Indiana, of which, as it is well known, the city of Muncie is the county seat; and an examination of the public records would have shown that it was recorded in the recorder's office of that county.

It must be evident that all of these circumstances and means, which the instrument itself discloses and which, at least, may be said to be suggestive of the place where the property, at the time of the execution of the mortgage, was located, were sufficient to have put an ordinarily prudent person upon inquiry relative to the particular *situs* of the chattels mentioned and embraced in the mortgage. It is manifest also, we think, that, aided by such inquiry, the situation of such chattels could have been easily ascertained.

Certainly, a proper inquiry, under the facts, would have developed that the street mentioned in the instrument was in the city of Muncie, Delaware county, Indiana.

The rule is elementary that, where a person has knowledge of facts sufficient to put him upon inquiry, he is chargeable with the knowledge of all matters which he could have learned by reasonable inquiry. Viewed in any light presented by the facts and circumstances of the case, it must be evident that the description of the property in question was sufficient to have identified it upon reasonable inquiry. The mortgage was duly recorded and was notice to all, and the appellee is bound by it, regardless of the fact that he may not have had actual knowledge of its existence at the time he purchased the property. *Ross* v. *Menefee,* 125 Ind. 432; *Koehring* v. *Aultman, etc., Co.,* 7 Ind. App. 475.

When the other facts alleged in the complaint, relative to the mortgagor being a tenant of the appellee and occupying the building at 313 East Main street, in the city of Muncie, which, it is averred, was owned by appellee, and wherein, it seems, the property in controversy was situated at the time of the execution of the mortgage, are considered in connection with the facts which the mortgage itself reveals, it is clear, we think, that a very little investigation or inquiry upon his part, would have led to the discovery that the goods, which he was about to purchase, were the identical property encumbered by the mortgage.

It is insisted, by counsel for the appellee, that the complaint is also insufficient for the following reasons: First, it does not show that the mortgage was recorded in the county in which the mortgagor resided. Second, that it does not expressly allege that the debt secured by the mortgage lien is due and unpaid.

In answer to the first objection, it may be said that the pleading expressly avers that the mortgage was duly recorded within ten days after its execution in the recorder's office of Delaware county, Indiana, and a copy thereof, which is a

proper exhibit and made a part of the complaint as such, discloses that the mortgagor resided in that county at the time she executed the mortgage. This was sufficient. *Brown* v. *Corbin*, 121 Ind. 455.

Relative to the second objection, it may be said that it is true that the law requires that the cause of action must have accrued before it is commenced, and that a pleading founded on a contract is not complete unless it alleges a breach of such contract. This rule is well recognized and affirmed. *Lawson* v. *Sherra*, 21 Ind. 363; *Brickey* v. *Irwin*, 122 Ind. 51.

It is true in this case that the complaint does not, as it should, expressly allege that the mortgage debt is due and un-paid. The record, however, shows that the complaint was filed on the 25th day of May, 1896, and it is shown, by the copy of the mortgage filed therewith, that the note secured had fully matured before the action was instituted, there-fore, the omission of the complaint to allege the maturity of the debt, is supplied by the facts which the exhibit discloses, and the infirmity of the pleading in this respect is thereby cured. *Green* v. *Louthain*, 49 Ind. 139; *Hardin* v. *Helton*, 50 Ind. 319; *West* v. *Hayes*, 104 Ind. 251; *Taylor* v. *Hearn*, 131 Ind. 537.

The complaint was also required to allege facts which would either expressly or inferentially disclose the nonpay-ment of the mortgage debt. *Wheeler, etc., Mfg. Co.* v. *Worrall*, 80 Ind. 297; *Stanton* v. *Kenrick*, 135 Ind. 382, and cases there cited.

The pleading itself, however, substantially alleges that the plaintiff holds a claim or lien on the mortgaged chattels, by reason and virtue of her said mortgage, and that the interest in the property, held by the defendant, Boyce, is inferior and junior to her said lien. These averments fairly show that the plaintiff, at the time she commenced this action, still held a lien upon the property, by reason and virtue of the mortgage in suit, and that this lien was superior to the inter-

est which the defendant held in said property. Such facts may be said at least inferentially to show that the debt, which such lien secured, was unpaid; for it is evident, if the plaintiff's lien on the property, under the mortgage, still existed at the time the action was instituted, that the debt had not been satisfied by payment or otherwise.

Considering, then, the facts alleged in the complaint, in connection with those which the exhibit supplies, it may be said, at least, that it is inferentially disclosed that the mortgage debt was due and unpaid at the commencement of the action, and the pleading, in this respect, is sufficient to put appellant upon his answer.

While we are constrained, under the liberal rules of pleading, as settled by the decisions of this court, to uphold the sufficiency of this complaint, we may, however, with propriety say that it is loosely drafted, and we cannot commend it as a model pleading. The judgment is reversed, and the cause remanded to the lower court for further proceedings.