Baldwin *et al. v.* Burrows.

Filed April 19, 1884.

---

No. 10,918.

## BALDWIN ET AL. *v.* BURROWS.

REPLEVIN.—*Plea of Payment, as Defence.—No Recovery for Over-Payment.—* In an action of replevin, an answer was filed alleging in detail purchase by instalments, and over-payment, and demanding judgment for the amount overpaid.

*Held,* on demurrer, that the answer was good as showing title in the defendant, but that he can not recover for the over-payment.

SAME.—*General Verdict.—Venire de Novo.—*A general verdict for the defendant in a replevin suit is, as against the plaintiff, a finding on all the issues, and he can not question it by a *venire de novo.*

SAME.—*Parol Contract Merged in Written.—Not where there is Fraud.—Evidence.—*Where, in replevin, the defendant claims title under a parol contract, while the plaintiff claims under a written contract of conditional sale which the defendant charges was procured by fraud, all the facts may be given in evidence to enable the jury to determine which of the contracts is valid.

VOL. 95.—6

Baldwin *et al. v.* Burrows.

SAME.—In the absence of fraud in its procurement, a written contract
merges a previous verbal contract as to the same matter.

NEW TRIAL.—*Assignment of Error.—Limiting Argument of Counsel.*—Error
in limiting the length of an argument is cause for a new trial, but not
for an assignment of error.

SAME.—*Judicial Discretion.*—The power to limit argument is in the discre-
tion of the trial court, and limitation to twenty minutes in an action in-
volving but $60 can not be said by the Supreme Court to be erroneous,
in the absence of a showing in the record to the contrary.

From the Hendricks Circuit Court.

*C. C. Nave,* for appellants.

*M. W. Hopkins,* for appellee.

FRANKLIN, C.—Appellants brought an action of replevin
against appellee for an organ alleged to be worth $60.

Appellee answered in three paragraphs, first, a denial; sec-
ond, purchase and payment; third, set-off. A demurrer was
sustained to the third and overruled to the second paragraph.
A reply in denial was filed to the second. And there was a
trial by jury, verdict for the defendant, and, over motions for
a *venire de novo* and for a new trial, judgment was rendered
for the defendant.

The plaintiffs have appealed to this court and assigned
as error:

1st. Overruling demurrer to second paragraph of answer.

2d. Limiting appellants' counsel to twenty minutes in ar-
gument.

3d. Overruling motion for *venire de novo.*

4th. Overruling motion for new trial.

From the record, the facts in the case appear to be that
one Mrs. Nave kept some kind of a musical store in the city
of Danville, in Hendricks county, and that, as agent for ap-
pellants, kept their musical instruments for sale. The ap-
pellee was a drayman living in the same city, and had been
employed by appellants' said agent to haul, transfer and set
up musical instruments, such as pianos, organs, melodeons,
etc., and haul boxes containing them. After having been so
engaged a short time, appellee agreed to purchase of said

Baldwin *et al. v.* Burrows.

agent one of appellants' organs for $60. The parties disagree about the terms of the contract. Appellants insist that it was a conditional sale, that appellee was to pay thereon $5 per month, and that the organ was to remain appellants' property until the contract price was fully paid according to said terms, and on failure to make all the payments, those made were to be forfeited, and the appellants have the right to the possession of the instrument, and an agreement in writing signed by appellee, to that effect, was given in evidence. Appellants then claim that only three payments, making $15, had been paid upon the organ; that the time had elapsed for further payments. They demanded the organ, and upon a refusal to surrender the possession, commenced this action of replevin.

Appellee insists that the contract for the purchase of the organ was made several days before the said agreement bears date or was signed; that the terms of the contract were as follows: When it was made appellants were indebted to appellee under said employment of said agent in the sum of $16.90; that $15 of it was to be credited on the $60 for the organ, and that he was to pay the balance, at stipulated prices, in so hauling, transferring and setting up instruments, furnishing his own help; that before the commencement of this action he had fully paid said contract price for the organ in said services under said contract, and $10 over, for which he demanded judgment.

The appellee set up his foregoing claim as a defence to the action.

The first question presented by appellants is upon the overruling of the demurrer to this defence.

The complaint charges the defendant with having in his possession, without right, the property of the plaintiffs, and that he unlawfully detains the same. The action is to try the right to possession based upon the ownership of the property. In such action whatever puts in issue the title to the property puts in issue the right to possession, and while the appellee

in this action had no right to recover anything for an over-payment, he had the right to plead property in himself, and the defence that he had purchased the property of the plaintiffs, and paid for it, was, in substance, pleading ownership and property in himself. The character of a pleading depends upon the substance of its averments, and not upon the prayer for relief. We think the second paragraph is a sufficient defence to the action.

The objection that the court erred in limiting counsel to twenty minutes in argument, although not a proper specification in the assignment of errors, is properly in the motion as a reason for a new trial.

Appellant has made no argument upon this objection, but has referred us to the case of *Cory* v. *Silcox*, 5 Ind. 370, and in that case the following language is used : " Matters of this kind must necessarily be left to the sound discretion of the court trying the cause; and unless that discretion is grossly abused, we will not interfere." And the case of *Priddy* v. *Dodd*, 4 Ind. 84, is referred to as authority.

Considering the amount involved and the facts in controversy, in the absence of any reason being given to the contrary, we do not see wherein the court grossly abused its discretionary power in limiting the argument, and presume the court correctly discharged its duty in this respect.

As to the overruling of the motion for a *venire de novo*, the verdict of the jury was general, simply for the defendant.

The 549th section, R. S. 1881, provides: " In actions for the recovery of specific personal property, the jury must assess the value of the property, as also the damages for the taking or detention, whenever, by their verdict, there will be a judgment for the recovery or return of the property."

A verdict for the defendant was equivalent to a verdict that the plaintiffs were not the owners and entitled to the possession of the property. If the property had been taken by the plaintiffs under the writ, this would have entitled the defendant to a verdict for the return of the property and dam-

Baldwin *et al. v.* Burrows.

ages for the taking of it; if it had not been so taken, no return could have been awarded or damages assessed for taking. But if the defendant was entitled to a sufficient verdict to warrant a judgment for the return of the property and for damages for taking it, but failed to obtain such a verdict, how can that harm the plaintiffs? The plaintiffs can not complain of an error committed in their favor, and that can not possibly do them any injury. There was no error against the plaintiffs in overruling the motion for a *venire de novo*. *Noble* v. *Epperly*, 6 Ind. 468; *Crocker* v. *Hoffman*, 48 Ind. 207.

Under the motion for a new trial, it is further insisted that the court erred in permitting the defendant to prove the parol contract made some days before the execution of the written instrument given in evidence by the plaintiffs. The defendant claimed that the execution of the written instrument had been procured by fraud; that he could not read writing, and the instrument was not read to him before nor at the time he signed it; that he was then told by the person who procured him to sign it, as an inducement to sign it, that it was nothing but an agreement to secure the performance of the work according to the contract.

Under the issues of fact made by the parties in the evidence, we think it was proper to allow the defendant to prove all the facts in relation to the contract for the purchase of the organ, in order to enable the jury to determine whether the execution of the instrument given in evidence by the plaintiffs had been fraudulently procured, what the real contract was, and whether it had been complied with by the defendant. Had there been no controversy about the validity of the written contract, the parol agreement would have been merged into the written agreement, but as the validity of the written agreement was disputed, it was proper for all the facts in relation to the contract to go before the jury for their consideration. There was no error in admitting this testimony.

We have examined the evidence, and although conflicting on many points, still there is evidence fairly tending to sus-

tain the verdict of the jury, and in such cases this court will not disturb it upon the evidence. There is no error in overruling the motion for a new trial.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

Filed April 19, 1884.