### CHARLES H. CAYFORD *vs.* ASA C. BRICKETT.

### Kennebec. Opinion April 3, 1896.

*Chattel Mortgage. Identity. Condition.*

The following chattel mortgage, duly recorded, *held*, sufficient to apprise a subsequent purchaser of the identity of the property, of the condition in the mortgage, and that it is apparently unfulfilled: "Waterville, Maine, April 27, 1893. I this day make and bill of sale to C. A. Hill one five year old grey colt I had of C. P. Crommet. One top buggy one harness and all the cows in my stable except those recovered from J. P. Hill on a judgment agenst my wife and this bill of sale was made in order to secure the said C. A. Hill against any loss by the signing of a bond for the recovery of four cows from J. P. Hill, that the said property shall be owned by the said C. A. Hill until after a judgment from the June Term of court which sits in Waterville on the second tewsday of June. Frank N. Weeks."

ON EXCEPTIONS BY PLAINTIFF.

This was an action of replevin of five cows tried before a jury in the Superior Court, for Kennebec County, and where a verdict was rendered in favor of the defendant. The mortgage bill of sale under which he claimed title appears in the head-note. The case appears in the opinion.

*Geo. W. Field*, for plaintiff.

*Chas. F. Johnson*, for defendant.

SITTING: WALTON, EMERY, FOSTER, HASKELL, WISWELL, STROUT, JJ.

EMERY, J. The cows replevied in this action were once the property of Frank N. Weeks, under whom both parties claim. While owning the cows Weeks gave to C. A. Hill the paper dated

April 27, 1893, called the bill of sale. This was done to secure Hill against loss as surety on a bond for Weeks in another replevin suit. That suit is still pending, and the liability of Hill on that bond still continues. The identity of the cows here replevied with those in the bill of sale is established by the verdict. The bill of sale was duly recorded as a mortgage of personal property, and the defendant justifies under it as the servant of Hill. The plaintiff, who claims under a subsequent mortgage bill of sale from Weeks, insists that the prior bill of sale to Hill did not give Hill any title or lien against him a subsequent purchaser without actual notice.

The plaintiff argues first, that the description of the cows in the Hill bill of sale is too indefinite to be a notice to subsequent purchasers. Not so. The bill of sale includes *all* the cows in the vendor's stable with four cows excepted. This is sufficiently comprehensive to give information to a subsequent purchaser of cows from Weeks that they were incumbered.

The plaintiff argues again, that the condition is too vaguely expressed to inform an intending purchaser of what was to be done to extinguish the lien. We think not. Mr. Hill's liability as surety upon the replevin bond was definite, and the amount could be ascertained whenever the liability became fixed.

The plaintiff argues lastly, that by the terms of the bill of sale the mortgagee's lien was to expire at the close of the following June term of the Superior Court in Waterville. This construction is much too narrow. It defeats the very purpose of the instrument. The evident meaning of the whole is that Mr. Hill shall have a lien upon the property until his liability is extinguished or made good. It was supposed that this would be done at the following June term, but no judgment was rendered then or since. The liability and the lien continue.

*Exceptions overruled.*