McKinney et al. v. Cabell et al.

[No. 3,140.    Filed May 29, 1900.]

Harmless Error.—*Practice.*—Where the facts pleaded in a special paragraph of answer were provable under the general denial, which was pleaded, sustaining a demurrer to such answer was harmless. *pp. 677, 678.*

Replevin.—*Mortgages.*—Where a mortgagor sold and transferred mortgaged personal property, he cannot complain of error of court in overruling a motion for a new trial in an action for the possession of the goods.    *p. 678.*

Alteration of Instruments.—*Chattel Mortgages.*—Where a chattel mortgage gave no information as to the location of the chattels, naming neither state, county, town nor building in which they were located, the addition of the words "In my storehouse in Bedford," by the mortgagee, without the knowledge or consent of mortgagor, constituted a material alteration of the mortgage.    *pp. 679, 680.*

From the Lawrence Circuit Court.    *Reversed.*

*J. E. Boruff* and *J. H. Underwood,* for appellants.
*T. J. Brooks* and *W. F. Brooks,* for appellees.

Comstock, J.—Appellees brought this action against the appellants, who were defendants below, to replevin a stock of groceries.    Possession was claimed by virtue of a chattel mortgage alleged to have been executed by the appellant Susan F. McKinney, the then owner, to appellees. Appellants Herod B. Flora, Otto O., and Alice McKinney, were in possession, and claimed to be the owners at the commencement of this suit by purchase, without notice, of appellant, the mortgagor, their mother.    The trial resulted in a verdict and judgment in favor of appellees for the possession of the goods.

Appellant Susan F. McKinney answered in three paragraphs. The first was a *non est factum*. The second a general denial. The third answered specially that after its execution the mortgage had been altered without her knowledge or consent, setting out the alteration. The other appellants answered separately in four paragraphs. The first a general denial. The second, that the description of the property contained in the mortgage is indefinite and uncertain. The third, that the description of the property is insufficient; that after the execution of the mortgage the same was materially altered by the appellees, their agent or attorney, without the knowledge or consent of the mortgagor or the other appellants, and at the time of its execution they were creditors of Susan F. McKinney, and that they were purchasers from her for value without knowledge of said alteration. The fourth, that the pretended mortgage under which appellee claims and an agreement entered into at the same time between appellant Susan F. McKinney and the appellees were made for the purpose of defrauding the appellants and other creditors of the said Susan F. McKinney.

Counsel for appellant Susan F. McKinney first discuss the action of the court in sustaining appellees'. demurrer to her third amended paragraph of answer. This paragraph sets up an alteration by the appellees, without her knowledge or consent, of the mortgage in question. It alleges that at the time of its execution it contained no description of the mortgaged chattels, no amounts, number, quantity, quality, brand, or manufacture, no distinguishing marks of any kind, no location of the property, and that the instrument did not indicate or suggest the means by which the goods could have been located; that, immediately following an enumeration of the articles, appellees, without the knowledge or consent of appellant, or without the knowledge or consent of any one in her behalf, after the execution and recording of the mortgage, inserted the words "In my storehouse in

Bedford." As the facts pleaded under this paragraph were provable under her general denial, this ruling of the court, if erroneous, could not have prejudiced her defense.

Counsel for appellant Susan F. McKinney next discuss the action of the court in overruling her motion for a new trial. Under this assignment only the first, second, fifth, and sixth reasons for a new trial are discussed. The first reason is that the verdict of the jury is not sustained by sufficient evidence. The second, that the verdict of the jury is contrary to law. The fifth and sixth reasons are based upon alleged misconduct of counsel for appellee in the closing argument to the jury.

As appellant Susan F. McKinney and her co-appellants testified that she sold and transferred the possession of the goods in suit to them, and as the verdict and judgment were for the possession of the goods only, there was no error in overruling the motion for a new trial of which she could complain. We therefore proceed to the consideration of the errors discussed by counsel for her co-appellants.

The first specification of error discussed in their behalf is the sustaining of appellees' demurrer to their amended second paragraph of answer.

The complaint avers that on the 23rd day of May, 1898, Susan F. McKinney executed the mortgage to appellees and her promissory note for $482.17, for value received, on certain property described as follows: "All sugars, teas, coffees, all canned goods, tobacco, cigars, lard, counter-scale, iron safe, cash register, lamps, etc., situate in her storehouse in Bedford." The paragraph of answer in question sets up that the description of the property in the mortgage by virtue of which appellees claim possession was indefinite and uncertain, and not sufficient to bind third parties. Neither the complaint nor the answers sets out a copy of the mortgage. The complaint, however, avers that appellant Susan F. McKinney executed a chattel mortgage on the following personal property * * * in the city of Bedford, Law-

rence county, Indiana, * * * situate in her storeroom
in Bedford. It is averred that the mortgage was recorded
on the day of its execution in the proper record of the re-
corder's office of Lawrence county. The answer does not
allege that the mortgagor was not a resident of Bedford,
Lawrence county, nor that she did not have a storehouse
in Bedford. As averred, the mortgage described the place
at which the chattels were located and contained a sufficient
description to put one upon inquiry as to the title of the
chattels mortgaged. *Koehring* v. *Aultman, etc., Co.,* 7 Ind.
App. 475; *Ross* v. *Menefee,* 125 Ind. 432; *Cayford* v. *Brick-
ett,* 89 Me. 77, 35 Atl. 1018. In this ruling of the court
there was no error.

The sufficiency of the third paragraph of answer is next
discussed. This paragraph sets up the same facts as the
second paragraph, and in addition alleges that after the exe-
cution of the mortgage appellees, without the knowledge or
consent of any one of the appellants, altered the mortgage
by adding thereto the words "In my storehouse in Bed-
ford", following the description of the property. As stated
by counsel for appellants, this paragraph presents the ques-
tion as to the sufficiency of the description of the property
mortgaged, raised by the second paragraph, and in addition
that of the materiality of the alteration. As to the suffi-
ciency of the description of the chattels, we do not deem it
necessary to add anything to what we have already said.
We are of the opinion that the alteration was material.
Under the averments of the answer, the mortgage gave no
information as to the location of the chattels, naming neither
state, county, town, nor building in which they were located.
The alteration named the state, town, county, and building.
While the description of the chattels was general in the
mortgage as executed, the change definitely designated their
location. It is averred that the alteration was made by
appellees without the knowledge or consent of the appel-
lants. *Marcy* v. *Dunlap,* 5 Lans. 365; *Hollingsworth* v. *Hol-*

*brook*, 80 Iowa 151, 45 N. W. 561; *Pereau* v. *Frederick,* 17 Neb. 117, 22 N. W. 235; *Kime* v. *Jesse,* 52 Neb. 606, 72 N. W. 1050.

. The consideration of other questions raised by the appeal seems unnecessary. Judgment reversed, with instructions to the trial court to overrule the demurrer of appellees to the third paragraph of appellants, Herod B., Flora, Otto O., and Alice McKinney's answer.