## CABELL ET AL. v. McKINNEY ET AL.

[No. 4,497. Filed October 29, 1903.]

REPLEVIN.—*Verdict.*—*Failure to Find Value of Goods.*—Plaintiff in an action in replevin can not complain of the failure of the jury to find the value of the goods, where the verdict was for the defendant. *pp. 549, 550.*

MORTGAGES.—*Execution.*—*Plea of Non Est Factum.*—*Instruction.*—*Alteration of Instruments.*—An instruction in the trial of an action to replevin certain goods under a chattel mortgage, in which a plea of *non est factum* was interposed, to the effect that if the mortgagor signed the mortgage before certain words were inserted therein and delivered it in that condition to plaintiff's attorney, then that would be the execution of the mortgage as it then existed, "but that if afterwards the attorney of plaintiff altered it by inserting the words 'in my storeroom in Bedford,' then before such instrument could be of any binding effect upon her, the mortgage would have to be delivered by her to the plaintiffs or their attorney with the words added" did not amount to reversible error, where other instructions given made it clear that the mortgagor had the power of ratification. *pp. 550, 551.*

SAME.—*Alteration of Instruments.*—*Instructions.*—An instruction to the effect that any knowledge of plaintiffs' attorney as to the alteration of a mortgage after its execution would in law be knowledge to plaintiffs themselves can not be complained of by plaintiffs on the ground that they were only chargeable with knowledge obtained by their attorney while in their employ, where the jury found that the attorney made the alteration complained of as plaintiffs' attorney. *pp. 551, 552.*

SAME.—*Alteration of Instruments.*—*Evidence.*—Where in an action on a mortgage the defense was interposed that the mortgage was changed after its execution by inserting the words "in my storeroom at Bedford," and it was contended by plaintiffs that the change was ratified by the mortgagor, the court erred in refusing to permit plaintiffs to ask the mortgagor, on cross-examination, after she had testified in her examination in chief as to the execution of the mortgage, if it was not her intention when she executed the mortgage to mortgage the goods in her storeroom. *pp. 552, 553.*

From Monroe Circuit Court; *Newton Crooke*, Special Judge.

Action by John M. Cabell and another against Susan F. McKinney and others. From a judgment for defendants, plaintiffs appeal. *Reversed.*

Cabell *v.* McKinney.

*Alexander & Harris, H. C. Duncan* and *I. C. Batman*, for appellants.

*J. H. Underwood, J. R. East* and *R. H. East*, for appellees.

Comstock, P. J.—Action of replevin by appellants against appellees to recover the possession of a stock of goods based on a chattel mortgage alleged to have been given appellants by appellee Susan F. McKinney. The defendants failing to give bond under the statute, appellants gave bond, and took possession of the goods under the writ. The answers pleaded were (1) *non est factum* by Susan F. McKinney, mortgagor; (2) general denial by all defendants; (3) material alteration by inserting in the mortgage after its execution, by the plaintiffs, their agent or attorney, the words "in my storeroom in Bedford;" (4) by defendants other than the mortgagor, that the mortgagor was indebted to them, and the mortgage was given to plaintiffs in pursuance of a fraudulent conspiracy between them and the mortgagor to defeat the codefendants in the collection of their debt. To this the plaintiffs replied (1) a general denial; and (2) the payment of their indebtedness. The jury returned the following verdict: "We, the jury, find for the defendants; that the property seized under the writ of replevin herein, and delivered to the plaintiffs, be returned to the defendants." On this verdict the court rendered judgment that the plaintiffs take nothing by this action; that the defendants are the owners and entitled to the immediate possession of the property described and taken under the writ of replevin, and for costs.

But three questions arise on this appeal, viz., the sufficiency of the verdict, the correctness of certain instructions, and the rulings on the admission of evidence.

It is claimed that the verdict is insufficient because it fails to find the value of the goods taken. Section 558 Burns 1901 provides: "In actions for the recovery of

specific personal property, the jury must assess the value of the property, as also the damages for the taking or detention, whenever, by their verdict, there will be a judgment for the recovery or return of the property."

In *Baldwin* v. *Burrows,* 95 Ind. 81, which was an action of replevin, the verdict was general for the defendant. The plaintiff's motion for a *venire de novo* because of the general verdict was overruled. In passing upon the question the Supreme Court say: "A verdict for the defendant was equivalent to a verdict that the plaintiffs were not the owners and entitled to the possession of the property. If the property had been taken by the plaintiffs under the writ, this would have entitled the defendant to a verdict for the return of the property and damages for the taking of it; if it had not been so taken, no return could have been awarded or damages assessed for taking. But if the defendant was entitled to a sufficient verdict to warrant a judgment for the return of the property and for damages for taking it, but failed to obtain such a verdict, how can that harm the plaintiffs? The plaintiffs can not complain of an error committed in their favor, and that can not possibly do them any injury. There was no error against the plaintiffs in overruling the motion for a *venire de novo.*" The foregoing case is decisive of the sufficiency of the verdict.

Instruction five given to the jury at the request of appellee was excepted to. In effect it said that the execution of the mortgage in question consisted in its being signed and delivered; that if the defendant Susan F. McKinney signed the mortgage in suit before the words "in my storeroom at Bedford" were added to it, and delivered it in that condition to the attorney of the plaintiffs, then that would be the execution of the mortgage as it then existed, "but that if afterwards the attorney of plaintiffs altered it by inserting the words 'in my storeroom in Bedford,' then before such instrument could be of any binding effect

Cabell *v.* McKinney.

upon her, the mortgage would have to be delivered by her to the plaintiffs or their attorney with the words added, for until the actual delivery of the instrument in its present form it would be a nullity." The objection made to the instruction is that it destroys any act or power of ratification. Standing alone, the instruction might be misleading. In other instructions the court charged that if any changes were made in the mortgage with the consent of the mortgagor, it was the instrument of such person; that if the words "in my storeroom in Bedford" were written in said mortgage by John D. Alexander after it had been signed by Mrs. McKinney, and she gave her consent for him to insert such words, then it would be her act, and she could not defend against such mortgage on that account.

They were further instructed that, if the words were inserted with her knowledge and consent after its execution, it would be valid, but if they were inserted after the execution, without her knowledge, by plaintiffs or their agent or attorney, it would be invalidated, unless the mortgagor subsequently ratified the same. Other instructions given made it clear that the mortgagor had the power of ratification. We can not conclude that the instruction complained of misled the jury.

Instruction nine, given at the request of the defendant, is as follows: "If in this case you should find that John D. Alexander was the attorney of the plaintiffs, and acting for them in the preparation of the mortgage sued on, then I instruct you that the knowledge of John D. Alexander as to any alteration in the mortgage would, in law, be knowledge to the plaintiffs themselves." It is urged that by this charge all of said Alexander's knowledge obtained after the execution of the mortgage was attributed to plaintiffs; that they could be held only to possess the knowledge he acquired in the performance of the duties for which he was employed; that subsequently acquired

knowledge would not relate back to the transaction. If we concede, for the sake of the argument, the claim of appellants, the error would not warrant the reversal of the judgment, in view of the fact that the jury, in answer to the interrogatories, found that the words "in my storeroom in Bedford" were not in the mortgage when Susan F. McKinney signed and acknowledged it, that they were afterwards inserted by said Alexander without her consent, and that at the time he wrote them he was the attorney of the plaintiffs.

Appellee Susan F. McKinney testified that she had been forced to sign the mortgage she delivered, by one Croxall, plaintiffs' agent. This statement appellants sought to contradict by witness Croxall. To the refusal of the court to permit this testimony appellants excepted. Appellee admitted having executed the mortgage as it was before its alteration. It was only with reference to the instrument as delivered to Croxall that she made the statement that she was forced to do what she did. It was upon a matter not material, and the court committed no error. Upon cross-examination of the same party, she was asked if it was not her intention at the time she executed the mortgage to mortgage the goods in her storeroom. The court sustained an objection to the question. Her intention was material. If she intended to mortgage the goods in her storeroom to appellants, and the mortgage omitted the words locating them, the presumption would be that the omission was by mistake. Mr. Alexander testified that he had drawn up the mortgage; that after leaving the mortgage at the office of the recorder for record he discovered the omission; that he explained the omission to appellee McKinney, and procured her consent to their insertion, and that pursuant thereto he wrote them in the instrument. Appellee denied giving her consent thereto. The jury found specially that the alteration complained of was made without her knowledge or consent. In the former appeal

of this case *(McKinney* v. *Cabell,* 24 Ind. App. 676) the alteration alleged was held to be a material one. An answer to the question might have affected the weight the jury gave her denial of her consent to the alteration made. The question was material. It also went to her credibility.

The judgment is reversed, with instructions to sustain appellants' motion for a new trial.