## BASEY *v.* McKINNEY ET AL.

[No. 6,539.    Filed March 16, 1909.]

1. APPEAL.—*Law of the Case.*—A decision on appeal becomes the law of the case during all subsequent stages. p. 423.

2. MORTGAGES.—*Invalid Execution.*—*Rights of Subsequent Holders.* —Where the mortgagor shows that the mortgage in suit was materially altered after execution, it is overthrown as to all subsequent holders. p. 423.

3. PLEADING.—*Answer.*—*Non est Factum.*—*Reply.*—*Alteration to Conform to Intentions.*—Where the mortgagor answered *non est factum,* relying upon a material alteration, a reply that the mortgage as altered conformed to the intent of the parties, does not change the issues, since evidence admissible thereunder is admissible under the general denial. p. 423.

4. TRIAL.—*Special Findings.*—*Mortgages.*—*Alterations.*—*Reformation.*—Where special findings show that the words, "in my storehouse in Bedford," were inserted in a mortgage, after its execution, and that the mortgage as so altered really conformed to the intent of the parties, a judgment holding such mortgage invalid, because thereof, is incorrect. p. 423.

From Jackson Circuit Court; *John M. Lewis,* Special Judge.

Suit by Elijah Basey, as surviving partner of the firm of Cabell & Basey, against Howard McKinney and others. From a judgment for defendants, plaintiff appeals. *Reversed.*

*Brooks & Brooks, Alexander & Harris* and *Thatcher, Gifford & Steinfeld,* for appellant.

*John Underwood, Branaman & Branaman* and *Henry H. Prince,* for appellees.

ROBY, J.—This is the third appeal. *McKinney* v. *Cabell* (1900), 24 Ind. App. 676; *Cabell* v. *McKinney* (1903), 31 Ind. App. 548. The case is now to be determined upon a finding of facts upon which conclusions of law were stated for appellee.

In *McKinney* v. *Cabell, supra,* the answer setting up a material alteration in a chattel mortgage by inserting the

words "in my storehouse in Bedford" was held good. The sufficiency of such answer was thereby established and became *res judicata.* *Halstead* v. *Sigler* (1905), 35 Ind. App. 419. The maker of the note and mortgage answered by a verified general denial.

1.

2. "Whenever the mortgage was met and overcome by rights existing in those by whom it was executed, it was overthrown effectually for all." *Aultman & Co.* v. *Forgey* (1894), 10 Ind. App. 397, 399. The case was re-tried upon the issues thus settled, and a judgment rendered for defendant. An appeal was taken from this judgment, and the same was reversed by this court. *Cabell* v. *McKinney, supra.* The ground of such reversal was the error of the court in refusing to permit plaintiff's counsel to ask the mortgagor, on cross-examination, after she had testified in her examination-in-chief as to the execution of the mortgage, if it was not her intention, when she executed the mortgage, to mortgage the goods in her storeroom.

Before the case was again tried, appellant filed a third paragraph of reply, setting up that the mortgage after said alteration was made conformed to the agreement of the parties. This additional paragraph of reply did not change the issue, for the reason that no evidence was admissible under it which would not have been admissible under the general denial.

3.

The case is here now on special findings and conclusions of law. The findings show, among other things, that the mortgage, after the interlineation complained of, was in accordance with the agreement originally made by the parties; that is to say, facts are proved which, when taken in connection with the facts averred in the answer, show that the alteration made was not a material one. *Osborn* v. *Hall* (1903), 160 Ind. 153. The last judgment was reversed in order that evidence of this character might be introduced, and the law of the case as heretofore fixed in nowise prevents the court from giving to the facts found

4.

such effect as they are in law entitled to have. The conclusions of law upon these facts should have been for appellant.

Judgment reversed, and the cause remanded, with instructions to restate the conclusions of law in accordance with this opinion, and to render judgment thereon.

## CONCURRING OPINION.

Rabb, J.—In order that an alteration made in a written instrument, after its execution, shall have the effect to vitiate the same, such alteration must be material. It is not material unless it changes the legal effect of the instrument. 2 Am. and Eng. Ency. Law (2d ed.), 222, and cases cited. As between the parties, any description of chattels in a chattel mortgage is good, if the parties knew and understood what properties the mortgage covered. 1 Cobbey, Chattel Mortgages, §188, and cases cited; *Baldwin* v. *Boyce* (1898), 152 Ind. 46.

Therefore, if the description of the property in the mortgage was of such a character that the parties to it knew and understood thereby the identity of the property mortgaged, any alteration in the matter of the description of the property made in the instrument after its execution, which did not affect the rights of the parties, would not be a material alteration; and, as between the mortgagor in this case and the appellant, the description of the property contained in the mortgage, as it was executed was sufficient— that is, the parties to the instrument knew and understood by the description what property it was intended to cover —the addition to the description of the words "in my storehouse in Bedford" did not change the legal rights of the parties to the instrument, and was not, therefore, as between them, a material alteration. But while such description of the property was sufficient as between the mortgagor and mortgagee, it was not a sufficient description of the

property to render the mortgage valid and effectual, as between the mortgagee and a *bona fide* purchaser of the property from the mortgagor, without notice. 1 Cobbey, Chattel Mortgages, §186; *Baldwin* v. *Boyce, supra.*

As to the appellant and the appellees, the alteration in the mortgage, if the appellees were *bona fide* purchasers of the property from the mortgagor, would be a material alteration. It would make the indefinite description of the property so definite and certain as that the record of the instrument would charge subsequent purchasers with notice; whereas the indefinite description contained in the instrument as executed would not have this effect. The questions decided by this court on a former appeal (*McKinney* v. *Cabell* [1900], 24 Ind. App. 676) arose upon a demurrer to the third paragraph of the appellees' answer in that case, which charges the alteration of the instrument, and also that the parties answering were *bona fide* purchasers without notice. The court held this answer good, and that is all that was decided. The question arises here upon the special finding of facts, which disclosed that the mortgagee and mortgagor knew and understood by the description they employed in the mortgage that the identical property here in controversy was intended to be covered by the mortgage, and that appellees took whatever rights they acquired in the property, with notice of the existence of the mortgage, and presents an entirely different question from the one decided by the court on the former appeal.

I concur in the view that, upon the facts found, the appellant is entitled to a judgment.