## SHORE v. OGDEN.

[No. 8,226.   Filed January 15, 1914.]

1. REPLEVIN.—*Pleading.—Counterclaim.*—A counterclaim is a proper pleading in an action of replevin when the facts set up therein are so connected with the subject of the action that equity requires that the matter alleged in the complaint and the counterclaim should all be settled in the same litigation. *(Baldwin* v. *Burrows* [1884], 95 Ind. 81, and *Shipman Coal Co.* v. *Pfeffer* [1895], 11 Ind. App. 445, distinguished.)  pp. 395, 396.

2. REPLEVIN.— *Pleading.— Counterclaim.*— In an action to replevy an automobile left with defendant for repairs, a counterclaim setting up a demand in favor of defendant arising out of repairs made by him while the property was in his possession, was properly pleaded.  p. 396.

From Bartholomew Circuit Court; *Hugh Wickens,* Judge.

Action by John Shore against Dore Ogden. From the judgment rendered, the plaintiff appeals. *Affirmed.*

*John W. Donaker* and *Ralph H. Spaugh,* for appellant.
*Weldon Lambert,* for appellee.

LAIRY, C. J.—Appellant as plaintiff brought this action to recover from appellee the possession of an automobile, which he had previously left at the garage and repair shop of appellee for the purpose of being repaired. At the time of the commencement of the action, the automobile was in the possession of appellee who claimed that there was due him for work and labor performed and material furnished by the order and request of appellant in the repair of such

automobile the sum of $272.88 for which he claimed a lien. The action was replevin, and the complaint was in the usual form. Appellee filed an answer in general denial and also a special answer stating the facts on which he based his lien. He also filed a counterclaim in which he stated facts showing that the appellant was indebted to him for work and labor and materials furnished in the repair of such automobile and that he had never surrendered its possession after such repairs were made and that he held the possession of such automobile by virtue of his bailee's lien until it was taken by the officer under the writ of replevin. There is a prayer for personal judgment against appellant and the foreclosure of the lien.

The jury returned a verdict in favor of the appellant on his complaint awarding him the possession of the automobile, and also returned a verdict in favor of the appel-

1. lee on his counterclaim for the sum of $225. The court rendered judgment on the verdict. Appellant objected to the court rendering judgment in favor of appellee on that part of the verdict which is based on the counterclaim. The grounds of the objection are that a personal judgment cannot be rendered awarding defendant affirmative relief on a counterclaim in a replevin suit and that counterclaims in actions of replevin are permitted only to defeat the demand of the plaintiff. As sustaining his position, appellant cites the following cases: *Baldwin* v. *Burrows* (1884), 95 Ind. 81; *Shipman Coal Co.* v. *Pfeiffer* (1895), 11 Ind. App. 445, 39 N. E. 291.

In the first case cited, the question under consideration here does not seem to have been presented. The pleading considered in that case was treated by the court as stating a cause of defense and not as stating an affirmative cause of action in favor of the defendant. It was held that the pleading stated a good defense to the action and that the trial court was correct in overruling a demurrer addressed thereto. The second case cited by appellant is not in point.

In that case, a pleading was filed by the defendant which was held to be insufficient as a counterclaim but sufficient as an answer. The ruling is not based on the ground that a counterclaim setting up a cause of action in favor of the defendant cannot be pleaded in an action of replevin, but the pleading is held to be insufficient as a counterclaim for other reasons.

As shown by allegations of the counterclaim filed in this case, the property which is the subject of the replevin suit was placed in the possession of appellee in order that it might be repaired and the counterclaim sets up a demand in favor of appellee arising out of repairs so made while the property was in his possession. The purpose of this action on the part of appellant was to deprive appellee of the possession of the property before paying for the repairs which had been made on it at his request. The cost of making such repairs is so connected with the possession of the property as to constitute it a proper subject for counterclaim. This court has held that a counterclaim is proper in an action of replevin when the facts set up therein are so connected with the subject of the action that equity requires that the matter alleged in the complaint and the counterclaim should all be settled in the same litigation. *Reardon* v. *Higgins* (1907), 39 Ind. App. 363, 79 N. E. 208; *Welker* v. *Appleman* (1909), 44 Ind. App. 699, 90 N. E. 35. The cases last cited seem to settle the question involved in this case adversely to appellant's contention.

Judgment affirmed.

Note.—Reported in 103 N. E. 852. As to demands which will support set-off or counterclaim, see 12 Am. Dec. 152; 89 Am. Dec. 482. For a discussion of an action of replevin as subject to a set-off or counterclaim, see Ann. Cas. 1913 A 105. See, also, under (1) 34 Cyc. 1416; (2) 31 Cyc. 226; 34 Cyc. 1417.