PARTLOW-JENKINS MOTOR CAR COMPANY *v.*
STRATTON.

[No. 10,067.    Filed October 7, 1919.]

1.  SALES.—*Conditional Sales.—Rights of Parties.*—Where the
owner of personal property sells and delivers it to a purchaser,
not for the purpose of consumption or resale, at an agreed
price payable at a future day, upon the express condition and
agreement that the title to the property shall remain in the
vendor until the purchase price is fully paid, the vendee, prior
to payment, can neither sell nor incumber the property so as
to defeat the vendor's title.   p. 126.

2.  EVIDENCE.—*Pleadings.*—In an action to replevin an automobile
truck wherein defendant in his cross-complaint claimed a lien
for repairs and supplies under §8294d *et seq.* Burns' Supp. 1918,
Acts 1915 p. 621, a fact alleged in the cross-complaint may prop-
erly be considered in connection with the evidence in determin-
ing the character of supplies furnished by defendant for the
truck and entering into the amount of his alleged lien.   p. 128.

3.  APPEAL.—*Review.—Judgment.—Item of Recovery Erroneously
Allowed.—Reversal.*—In an action against a garage keeper to
replevin a motor truck left in his possession by a conditional
vendee wherein defendant by cross-complaint set up a statutory
lien for repairs, storage and supplies, including gasoline furnished
at the request of such vendee, in the absence of any evidence
showing that the conditional vendee had any authority, either
express or implied, from the vendor to purchase gasoline, judg-
ment for defendant on his cross-complaint must be reversed, re-
gardless of his right to a lien for the other items claimed, where
there was no evidence of the amount and value of the gasoline
so purchased.   p. 128.

From Hamilton Circuit Court; *Ernest E. Cloe,*
Judge.

Action by Partlow-Jenkins Motor Car Company
against Fred Stratton. From a judgment for de-
fendant, the plaintiff appeals. *Reversed.*

*Born, Ritchey & Cronk,* for appellant.
*Fred E. Hines,* for appellee.

BATMAN, C. J.—This is an action by appellant against appellee to replevin an automobile truck. The complaint is in a single paragraph, and is in the usual form for such actions. Appellee filed an answer in general denial, and also a cross-complaint against appellant, praying that he be awarded a judgment for the possession of said truck and for damages. This cross-complaint alleges in substance, among other things, that appellee is engaged in the business of repairing automobiles, selling supplies, and furnishing storage therefor, in the town of Carmel, Hamilton county, Indiana; that one George Fitch, who was the owner of the gasoline automobile truck in question, delivered the same to appellee for the purpose of being repaired; that he made certain repairs thereon, furnished certain supplies therefor, including gasoline, and kept the same in storage, at the request of said Fitch, who promised to pay appellee therefor; that the repairs, supplies and storage were of the reasonable value of $283.29; that he demanded payment of said amount from said Fitch, but he refused to pay the same; that said amount is long past due and wholly unpaid; that within sixty days from the time of furnishing said material and performing the services he filed a notice in writing with the recorder of the county of his intention to hold a lien on the automobile truck for said sum, which notice was duly entered of record in the office of the recorder; that at the time he furnished the material and performed the services, and at the time he so filed the notice, he had and has kept and retained possession of the truck; that subsequently he commenced an action in the Hamilton Circuit Court to foreclose his said lien, and was thereafter award-

ed a judgment foreclosing the same for said sum, and the sheriff of the county was ordered to sell the truck in satisfaction thereof. A copy of the notice was filed with the cross-complaint as an exhibit. The record does not disclose the filing of any answer to the cross-complaint. The cause was submitted to the court for trial, resulting in a judgment in favor of appellee on his cross-complaint for $283.29, the foreclosure of his lien for said sum, and a judgment for the possession of the automobile truck. Appellant filed a motion for a new trial, which was overruled, and has assigned this action of the court as the sole error on which it relies for reversal.

The only recognized grounds for a new trial set out in appellant's motion therefor are that the decision of the court is not sustained by sufficient evidence, and is contrary to law. On the trial the parties filed a statement of facts, which they agreed should constitute the evidence, the same as if witnesses were present and testified thereto. The following is a substantial statement of the facts so agreed upon: Between October 3, 1916, and March 3, 1917, one George Fitch purchased certain supplies and materials from appellee, and obtained work on said truck, which supplies, work and labor, and the storage of the truck, amounted to a total sum of $283.29; that on March 5, 1917, appellee filed in the office of the recorder of Hamilton county, Indiana, a notice of his intention to hold a lien on said truck, which was duly recorded on said day; that the notice bore date of March 5, 1917, was addressed to George Fitch, and all others concerned, was signed by appellee, and reads as follows:

"You are hereby notified that I intend to hold a Mechanic's Lien on one Indiana automobile truck bearing engine number 75351, four cylinder motor, said truck being painted yellow, for the sum of $283 and 29/100 Dollars, for work and labor done, and materials furnished by me in the repair of said truck, which work and labor done, and material furnished, was done and furnished by me at your special instance and request, and within the last sixty days, and which amount is due and unpaid."

That under the contract of sale of the truck of said Fitch the title was to remain in appellant until all payments were made, as provided for in the contract of sale; that said Fitch was in default in his payments on the truck before the filing of this action, and is now in default; that appellant never made any agreement with either appellee, or said Fitch for any storage, supplies, work, or labor, and did not have actual knowledge of such work; that on March 3, 1917, said Fitch called appellee by telephone, and told him that he could take the truck; that on said day appellee took possession of the truck on the public highway, about two miles south of the town of Carmel, Hamilton county, Indiana, at the request of said Fitch; that appellee took the truck to his garage, and has held possession thereof at all times since; that the charges for storage, supplies and repairs were not made against appellant, but were made against said Fitch; that a demand was made by appellant upon said Fitch and appellee for the possession of the truck before the filing of this action, and that appellee refused to surrender the possession thereof.

Under this evidence appellant contends that he should have been awarded possession of the automobile truck, as the owner thereof, while appellee insists that the evidence shows, as the court adjudged, that he was entitled to its possession. The evidence, when considered in connection with the reasonable inferences to be drawn therefrom, shows that appellant was the owner of the truck, but that said George Fitch had the lawful possession thereof under a conditional sale contract, and therefore had an interest therein; that while said Fitch had such possession and held such interest he engaged appellee to furnish storage and supplies for the truck, and make certain repairs thereon; that in pursuance thereof appellee furnished the storage and supplies, and made the repairs alleged in his cross-complaint, and took the necessary steps provided by statute to acquire a lien on said truck therefor. §8294d *et seq.* Burns' Supp. 1918, Acts 1915 p. 621.

This being true, we are required to consider whether the lien thus acquired by appellee is superior to the rights of appellant as a conditional vendor. The act above cited is silent in this regard, and hence we must look beyond it to determine the question before us. It is well settled in this state that, where the owner of personal property sells and delivers it to a purchaser not for the purpose of consumption or resale, at an agreed price payable at a future day, upon the express condition and agreement that the title to such property shall remain in the vendor thereof until the purchase price is fully paid, the vendee of such property, prior to such payment, can neither sell nor incumber the property in such manner as to defeat the title of the

original owner and vendor thereof. *Cable Co.* v. *Mc-Elhoe* (1915), 58 Ind. App. 637, 108 N. E. 790. It follows that, unless the evidence shows that said Fitch had either express or implied authority from appellant to contract for said storage, supplies and repairs, appellant's rights as conditional vendor are superior to said lien of appellee. It is not claimed that the evidence shows that said Fitch had any express authority in that regard, and there is no just ground for any such claim. It has been held in this state that, where property is to be retained and used by the mortgagor for a long period of time, it will be presumed to have been the intention of the parties to the mortgage, where it is property liable to such repairs, that it is to be kept in repair, and when the property is machinery, or property of a character which renders it necessary to intrust it to a mechanic or machinist to make such repairs, the mortgagor in possession will be constituted the agent of the mortgagee to procure the repairs to be made, and, as such necessary repairs are for the betterment of the property, and add to its value to the gain of the mortgagee, the common-law lien in favor of the mechanic for the value of the repairs is paramount and superior to the lien of the mortgagee. The mortgagee is presumed in such case to have contracted with a knowledge of the law giving to a mechanic a lien. But where the lien is purely statutory, or where the property is of such a character that it would not be reasonable to anticipate the necessity for any needed repairs for the period of time the property is to or does remain in the possession of the mortgagor, or when it is but reasonable to expect the mortgagor in person to care for or repair the property, in such cases a different

rule may prevail. *Watts, Trustee, v. Sweeney* (1891), 127 Ind. 116, 26 N. E. 680, 22 Am. St. 615. The same rule would apply where the rights involved are those of a conditional vendor instead of a mortgagee. An application of this rule to the evidence in this case leaves in our mind very grave doubts whether it is shown that said Fitch had any authority from appellant to contract for any portion of the alleged storage, supplies, or repairs, but as to one item thereof we are clearly of the opinion that no such authority is shown.

It will be observed that appellee alleged in his cross-complaint that the supplies which he furnished for said truck, and which entered into his total claim of $283.29, included gasoline, which we may reasonably infer was used in operating said truck. This fact, having been alleged in a pleading filed by appellee in the cause, may properly be considered in connection with the evidence in determining the character of the supplies furnished by appellee for said truck and entering into the amount of his alleged lien. *Colter* v. *Calloway* (1879), 68 Ind. 219; *Bell* v. *Pavey* (1893), 7 Ind. App. 19, 33 N. E. 1011.

There is no evidence of any fact from which it can be implied that Fitch had authority from appellant to purchase this item of supplies. Where courts have held that a mortgagor or conditional vendee in possession will be deemed the agent of the mortgagee or conditional vendor to procure repairs to be made, the decisions have usually been based on a presumption that from the nature of the property, the use to which it was to be applied, the knowledge that in such use repairs would prob-

Partlow, etc., Car Co. *v.* Stratton—71 Ind. App. 122.

ably be required, and other similar facts, the mortgagee or conditional vendor manifestly intended that such agency should exist. This, it has been said, works no injustice to the mortgagee or conditional vendor, since the repairs made ordinarily enhance the value of the property to the extent of the reasonable value of the repairs, and hence really inures to the benefit of the mortgagee or conditional vendor. This course of reasoning, however persuasive it may be where the making of repairs is involved, loses its influence where implied authority to purchase gasoline for use in operating an automobile is the subject of inquiry. Its purchase neither adds to its value, nor serves to preserve it, but rather provides a means for the one in possession to reduce its value. It would be doing violence to reason to imply the granting of authority to purchase such supplies under the facts of this case. This being true, the judgment must be reversed, regardless of what conclusion we might reach with reference to any implied authority to contract for the other items entering into the amount of the alleged lien, since the amount and value of the gasoline so purchased is not shown by the evidence. *Bilskie* v. *Bilskie* (1919), 69 Ind. App. 595, 122 N. E. 436, and authorities there cited.

For the reason stated the judgment is reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings consistent with this opinion.